**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Paul William MEIER,**
**Defendant-Appellant.**

**No. 78–1037.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Jan. 25, 1979.

Decided July 16, 1979.

Lawrence A. Bobbitt, III, Asst. U. S. Atty., Cheyenne, Wyo. (Charles E. Graves, U. S. Atty., Cheyenne, Wyo., on the brief), for plaintiff-appellee.

Lawrence B. Hartnett, Jackson, Wyo., for defendant-appellant.

Before McWILLIAMS, DOYLE and McKAY, Circuit Judges.

McWILLIAMS, Circuit Judge.

This is a search and seizure case. Paul W. Meier was convicted by a jury of unlawfully possessing with an intent to distribute marijuana, a Schedule I non-narcotic controlled substance, in violation of 21 U.S.C. § 841(a)(1). The marijuana upon which the prosecution was based was taken during a search of Meier's automobile from a closed backpack located within the vehicle. Prior to trial, Meier moved to suppress the use at trial of the marijuana on the ground that the search of his automobile was without probable cause and under non-exigent circumstances.* This motion was denied. Meier later renewed his motion to suppress, alleging that his arrest was unlawful and that the ensuing search of his automobile was tainted by such illegality. Whether this renewed motion was ever formally act-

ed upon is unclear, though presumably it was denied. In any event, throughout the trial of this matter Meier continued to object to the introduction of the marijuana found in the backpack. On appeal, the principal matter urged as ground for reversal concerns the legality of the search of Meier's backpack and the use at trial of the marijuana found therein.

Meier drove his automobile off the road while driving up Signal Mountain Summit Road in Grand Teton National Park at about three o'clock a. m. on July 30, 1977. The car apparently turned over at least once and landed upright on its wheels. Some two hours later a United States Park Ranger while patrolling the Signal Mountain Road came upon the scene. The Ranger noticed debris and personal belongings scattered on the highway and saw Meier's automobile in a ditch eighteen feet below the road surface and some sixty feet from the highway proper.

When the Ranger first saw Meier the latter was standing some five feet to the west of his vehicle. The Park Ranger inquired as to possible injuries, and during the course of such inquiry became suspicious that Meier was under the influence of intoxicating liquor. A field sobriety test confirmed the Ranger's suspicion. Meier volunteered that he had been drinking and that he had driven the car off the highway in order to avoid an oncoming vehicle. The Park Ranger thereupon arrested Meier for driving in a National Park while intoxicated. At this juncture there was nothing to indicate to the Park Ranger that Meier was involved in any way with marijuana.

After arresting Meier, the Park Ranger had Meier empty his pockets. While emptying his pockets, Meier threw into a clump of nearby bushes a canister which contained marijuana butts. Meier also attempted to throw away a brown pill vial which contained approximately twenty-five cross-top

---

* The main argument Meier made in the trial court related to the search of the automobile and the seizure of the marijuana from his backpack. However, Meier sought suppression of all evidence seized in the search of the automobile and Meier's memorandum in support of his motion to suppress cited *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), specifically referring to the distinction made in *Chadwick* between automobiles and luggage located therein.

tablets believed at the time to be amphetamine, but he was restrained from doing so by the Ranger. Meier had on his person approximately $400 in many different pockets in many different denominations. Also found at the scene of the accident was a black plastic bottle smelling strongly of marijuana which was referred to as a "power hitter." This is used to smoke marijuana butts.

Meier was then taken to jail, and his vehicle was towed to a storage warehouse in Moose, Wyoming. The vehicle was later searched, without a warrant, and during the search of the vehicle, the Ranger found inside the closed backpack the marijuana which formed the basis for the present prosecution.

For the purposes of this opinion we shall assume that Meier's arrest was lawful, and that the ensuing search of his automobile, without a warrant, was within the so-called "automobile exception" to the warrant requirement of the Fourth Amendment. The more immediate issue in the instant case is whether the warrantless search of Meier's closed backpack violated Fourth Amendment rights. In this Court counsel relied on *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977) as authority for holding that the search of the closed backpack, without a warrant, was unlawful. If there were doubt as to the applicability of *Chadwick* to the facts of the present case, such has now been eliminated by the recent decision of the Supreme Court in *Arkansas v. Sanders*, —— U.S. ——, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979).

*Sanders* involved a warrantless search of a closed but unlocked suitcase, which search disclosed 9.3 pounds of marijuana. The suitcase was located in the trunk of an automobile at the time it was seized by police officers. In *Sanders* it was conceded that the stopping of the automobile was lawful and that the seizing of the suitcase was constitutionally unobjectionable. However, the Supreme Court held that the warrantless search of the suitcase violated the Fourth Amendment, even though probable cause to search the suitcase was present.

The Supreme Court recognized that exigent circumstances might justify a warrantless search of a suitcase in some cases, but found no such circumstances in *Sanders.* Specifically, the exigency of mobility was found not to be present in *Sanders.* In this regard the Court noted that the "exigency of mobility must be assessed at the point immediately before the search," and that the police in *Sanders* had properly seized the suitcase. However, since the police in *Sanders* had the suitcase within their control, there was no problem of potential mobility. Under such circumstances, the Supreme Court in *Sanders* held that the police should have delayed their search of the suitcase until they obtained "judicial approval" therefor.

We perceive no significant difference between *Sanders* and the present case. *Sanders* involved a closed but unlocked suitcase lawfully taken from an automobile. Here we are concerned with a closed but unlocked backpack lawfully seized in the search of an automobile. A backpack would seem to be governed by the "suitcase" rule, as a backpack, like a suitcase, is a "repository for personal items when one wishes to transport them." *Arkansas v. Sanders*, —— U.S. at ——, 99 S.Ct. at 2593. The circumstances in the instant case are no more exigent than they were in *Sanders.* Immediately before the search of Meier's backpack his vehicle was in an inoperative condition and had been towed to a storage garage in Moose, Wyoming. Meier himself was in jail. There is perhaps less potential mobility in the instant case than in *Sanders.* There is some suggestion here that an issuing magistrate was not immediately available, but we do not regard this fact to be such an exigent circumstance as would justify the authorities in searching the backpack immediately and without a warrant.

We therefore conclude that the warrantless search of Meier's backpack violated the Fourth Amendment. The trial court should have granted Meier's motion to suppress the use at trial of the marijuana taken from his backpack.

Judgment reversed.