UNITED STATES of America,
Plaintiff-Appellee,

v.

Fred BELLA, Defendant-Appellant.

No. 78–5367
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 24, 1979.

David R. Rosado (court-appointed), El Paso, Tex., for defendant-appellant.

LeRoy M. Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GOLDBERG, RONEY and TJO-FLAT, Circuit Judges.

PER CURIAM:

Fred Bella was convicted on two counts of conspiracy to import marijuana and cocaine, 21 U.S.C. §§ 952(a), 960(a)(1), 963 (1976), two counts of conspiracy to possess with intent to distribute marijuana and cocaine, 21 U.S.C. §§ 841(a)(1), 846 (1976), and possession of firearms, 26 U.S.C. § 5861(d) (1976). He was sentenced to consecutive sentences totalling 35 years. In this appeal, he alleges several points of error, including the denial of his motion to suppress evidence seized from his guitar case that was located in a codefendant's vehicle. In light of *Arkansas v. Sanders,* —— U.S. ——, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979), we reverse.

On March 2, 1978, as they were unloading their auto, Bella and two companions were arrested by a group of officers at the International Air Motive Complex located in El Paso International Airport. A guitar case belonging to Bella was taken from the back of the automobile and opened at the scene, revealing an AK–47 and a 30 caliber carbine; two other suitcases belonging to his companions were later opened at the Bureau of Alcohol, Tobacco, and Firearms office, revealing more guns and ammunition. No search warrant had been issued for any of the luggage. The weapons found in the guitar case were used to convict Bella for the illegal possession of firearms and were also introduced to show how he was planning to pay for the marijuana and cocaine. Record, vol. 2, at 98–107.

In *Arkansas v. Sanders,* the Supreme Court held that the warrantless search of luggage taken from an automo-

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

bile violated the constitutional guarantees of the fourth amendment. This was true even though the police had probable cause for the arrest and for believing the luggage contained contraband. —— U.S. at ——, 99 S.Ct. at 2592. Here we have a similar situation. Although the officers had probable cause for the arrest and the search, Record, vol. 2, at 99–107, the searches were made without a warrant after the car and its contents had been secured. *Id.* at 209–10, 232. No exigent circumstances justified a warrantless search of the luggage. *See Arkansas v. Sanders,* —— U.S. at —— n.11 & 13, ——, 99 S.Ct. at 2593, 2594; *United States v. Johnson,* 588 F.2d 147, 151 & n.5 (5th Cir. 1979). Because we hold that the motion to suppress should have been granted to the extent it was addressed to the search of the guitar case belonging to Bella, we do not reach the other errors alleged in this appeal. As to the search of the two suitcases belonging to his two companions, however, the Government correctly argues that Bella did not have standing to assert a constitutional defense. *See Rakas v. Illinois,* 439 U.S. 128, 133, 99 S.Ct. 421, 425, 58 L.Ed.2d 387 (1978).

REVERSED AND REMANDED.