STATE OF NORTH CAROLINA v. MICHAEL WAYNE GAULDIN

No. 7918SC564

(Filed 20 November 1979)

**Searches and Seizures §§ 11, 34— search of luggage in car—automobile search and plain view exceptions inapplicable**

The automobile search exception did not apply to justify the warrantless search of a suitcase removed from defendants' car subsequent to their arrest when both the car and suitcase were under police control since the exigency of mobility was no longer present at the time of the search. Nor was the search of the suitcase justified under the plain view or "plain smell" exception because an officer, while standing outside the car, was able to detect a strong odor of marijuana emanating from the rear portion of the car where the suitcase was located.

APPEAL by defendant from *Kivett, Judge*. Order entered 27 December 1978 in Superior Court, GUILFORD County. Heard in the Court of Appeals 26 October 1979.

Defendant was indicted for possession of marijuana. At the hearing on his motion to suppress, the State presented evidence that officers of the Greensboro police received a tip from a reliable informant that defendant and one Gilbert Dunbar were traveling south on Highway 29 in a red Chevette with Virginia

license plates, and were transporting a large quantity of marijuana in a suitcase. The police stopped a vehicle matching the informant's description, and as Detective Cobbler approached the car from the rear he detected a strong odor of marijuana. Defendant and Dunbar, the occupants of the car, were placed under arrest. The officers could see a suitcase lying in the rear of the hatchback Chevette, and when they opened the unlocked suitcase they found inside it twenty-five pounds of marijuana.

Defendant presented no evidence. The court found facts and ruled that the marijuana was admissible. Defendant then entered a plea of guilty and was sentenced to 1-5 years. From the court's ruling on his motion to suppress, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Richard L. Griffin, for the State.*

*A. Wayne Harrison for defendant appellant.*

ARNOLD, Judge.

The sole issue on this appeal is whether the warrantless search of the suitcase was unlawful, making inadmissible the marijuana found inside. In determining this issue, we begin from the premise set out in *Katz v. United States*, 389 U.S. 347, 357, 19 L.Ed. 2d 576, 585, 88 S.Ct. 507, 514 (1967), and reaffirmed in *Coolidge v. New Hampshire*, 403 U.S. 443, 454-55, 29 L.Ed. 2d 564, 576, 91 S.Ct. 2022, 2032 (1971), that "searches conducted . . . without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." These exceptions are "jealously and carefully drawn" and are made only when the exigencies of the situation make such a course imperative. *Id.* The State argues that in the present case the automobile search exception and the plain view exception apply.

The Supreme Court in *Coolidge v. New Hampshire, supra,* emphasized that the automobile search exception applies only where it is impracticable to secure a warrant because the vehicle can be moved easily out of the jurisdiction. "The word 'automobile' is not a talisman in whose presence the Fourth Amendment fades away and disappears." *Id.* at 461-62, 29 L.Ed.

2d 580, 91 S.Ct. 2035. In the present case, no exigency remained at the time of the search. After the red Chevette was stopped by the police, Detective Cobbler "asked [defendant and his companion] for their identification and at that time placed them under arrest." The warrantless search of the suitcase removed from the car took place subsequent to the arrest, when both the car and the suitcase were under police control.

Moreover, in the recent cases of *United States v. Chadwick*, 433 U.S. 1, 53 L.Ed. 2d 538, 97 S.Ct. 2476 (1977), and *Arkansas v. Sanders*, --- U.S. ---, 61 L.Ed. 2d 235, 99 S.Ct. --- (1979), the court dealt with the specific situation of warrantless searches of luggage taken from vehicles, and determined that the automobile search exception did not apply. In both those cases the searches were made after the luggage was under police control, and the court held that the luggage, thus removed from the exigency of mobility, was no more subject to warrantless search than was luggage which had been seized from some place other than a vehicle. We do not find the *Chadwick* and *Sanders* cases to be distinguishable from the present case, and accordingly we hold that the automobile search exception does not apply to justify the warrantless search of the suitcase.

The State next makes the ingenious argument that the suitcase here was subject to the plain view exception, renamed the "plain smell" exception here by the State, because it gave off a strong odor of marijuana which Detective Cobbler was able to smell from outside the car. The State cites to us a number of "plain smell" federal cases, but we find that in all of those cases the searches either fall within the automobile search exception, with the smell of the contraband furnishing probable cause, *e.g. United States v. Martinez-Miramontes*, 494 F. 2d 808 (9th Cir. 1974); *United States v. Troise*, 483 F. 2d 615 (5th Cir.), *cert. denied* 414 U.S. 1066, 38 L.Ed. 2d 471, 94 S.Ct. 574 (1973); *United States v. Barron*, 472 F. 2d 1215 (9th Cir. 1973) (per curiam), were based upon other exigencies, *e.g. United States v. Ogden*, 485 F. 2d 536 (9th Cir. 1973); *Hernandez v. United States*, 353 F. 2d 624 (9th Cir. 1965), or would now be impermissible under the rulings in *Chadwick* and *Sanders. E.g. United States v. Bowman*, 487 F. 2d 1229 (10th Cir. 1973). We do not find that the plain view exception applies in this case. The Supreme Court indicated in *Coolidge v. New Hampshire, supra* at 466, 29 L.Ed. 2d 583, 91 S.Ct. 2038,

State v. Gauldin

that the plain view exception "is legitimate only where it is immediately apparent to the police that they have evidence before them; the 'plain view' doctrine may not be used to extend a general exploratory search from one object to another until something incriminating at last emerges." The warrant requirement serves the purposes of assuring that there is no intrusion by way of search and seizure without a prior determination by a magistrate of necessity, and that those searches deemed necessary should be as limited as possible. *Id.* The plain view exception is applicable only when it does not conflict with this second objective by expanding the scope of the search, *id.*, and a "plain smell" exception could not avoid conflicting with that objective, since the sense of smell, unlike eyesight, does not always pinpoint what is being sensed and where the material is located.

In the instant case, Detective Cobbler walked by defendant's vehicle and detected a strong odor of marijuana coming from "the rear portion" of the car. A further search, not justified by the plain view exception, would have been necessary to determine whether the odor was emanating from the suitcase, some part of the car itself, or elsewhere. Upon careful deliberation on these facts, we believe that the strong odor of marijuana furnished probable cause, but nothing more.

We are aware of the practical problems faced by police officers who have to make decisions involving the search of a vehicle once the vehicle has been stopped lawfully. However, as we have previously noted, the warrantless search of the suitcase here occurred after the arrest, after the vehicle and the suitcase were both under control of the officers; thus it would not have been impractical to obtain a warrant, for which there was ample probable cause, to search the suitcase.

Since we find that the exceptions which might justify this warrantless search do not apply, the search of defendant's suitcase was *per se* unreasonable under the Fourth Amendment, *Coolidge v. New Hampshire, supra,* and the contents of the suitcase should have been suppressed. The court's ruling upon defendant's motion is

Reversed.

Judges WEBB and WELLS concur.