STATE OF NORTH CAROLINA v. REBEL ALLEN COLE

No. 7925SC973

(Filed 6 May 1980)

**Searches and Seizures § 37— jacket in car trunk—warrantless search incident to arrest for speeding unlawful**

    The trial court properly concluded that an officer's warrantless search of defendant's jacket was unlawful where the evidence tended to show that the officer stopped defendant for speeding; after seeing a pipe in plain view in the car and finding a pipe on defendant's person during a pat down prior to defendant's being put in the officer's car, the officer conducted a search of defendant's vehicle; in the trunk the officer observed a large winter jacket which defendant was using to carry his clothing; the officer then searched the pockets of the jacket and found four bags of marijuana; and the officer, having discovered the contents of the trunk and having taken them under his control, should have obtained a warrant before searching the jacket.

APPEAL by the State from *Snepp, Judge.* Order entered 25 July 1979 in Superior Court, CATAWBA County. Heard in the Court of Appeals 6 March 1980.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Robert R. Reilly, for the State.*

*Wesley F. Talman, Jr. for the defendant.*

WELLS, Judge.

The parties agree that the trial court's findings of fact are based on competent evidence, and we quote them here in their entirety:

1. On March 19, 1979, the defendant was operating a motor vehicle on Interstate 40 in Catawba County; he was observed by Trooper Richardson of the State Highway Patrol by means of radar operating at a speed of 65 miles per hour in a 55 miles per hour zone and Trooper Richardson stopped the defendant;

2. Trooper Richardson observed from the outside of the vehicle a portion of an orange color plastic water pipe which Trooper Richardson recognized from his experience in law enforcement as being the type used to smoke marijuana;

3. Trooper Richardson requested the defendant to come to his patrol car to observe the radar and before placing him in the patrol car he patted the defendant down which is standard practice before placing anyone in a State Highway Patrol vehicle;

4. That as a result of the pat down the trooper discovered in the pocket of the defendant's flannel shirt a wooden pipe of the type known by the trooper from his experience to be used to smoke marijuana;

5. The trooper then took the car keys from the defendant and searched the interior of the vehicle and in a closed ashtray found another pipe used to smoke marijuana and observed some green seeds on the floor and ashes in the ashtray;

6. The trooper then unlocked the trunk of the car; in the trunk the defendant had a large winter type of jacket within which was other clothing; that the trooper reached in the pocket of the jacket and extracted therefrom articles which the State proposes to introduce into evidence in this trial;

7. The automobile then was locked; the defendant was taken some two hours later before a magistrate; that at the time that he was taken from the scene, he was under arrest for speeding; that his automobile was hauled in to the Catawba County Sheriff's Department by a wrecker ordered by the trooper;

8. The defendant was not charged with any violation of the controlled substance act on that occasion but a bill of indictment charging him with felonious possession of marijuana was later returned by the grand jury of Catawba County. . . .

Based upon these findings the trial court concluded that Trooper Richardson had probable cause to stop defendant's vehicle for speeding, and that upon his observing the water pipe as well as the pipe found in defendant's shirt pocket, the officer had probable cause to search defendant's vehicle. However, the court determined that, having taken defendant's vehicle and jacket under his control, the officer's warrantless search of the jacket was unlawful. The court granted defendant's motion to suppress the four bags of marijuana found in defendant's jacket.

We do not discuss the legality of the search of the vehicle since the question has not been raised. This appeal presents only one issue—the lawfulness of the warrantless search of defendant's jacket under the Fourth Amendment to the Constitution of the United States, which prohibits unreasonable searches and seizures. In *Arkansas v. Sanders*, 442 U.S. 753, 61 L.Ed. 2d 235, 99 S.Ct. 2586 (1979) the police had probable cause to believe the suitcase the defendant was carrying contained marijuana. The defendant's taxi was stopped and searched and defendant's suitcase was seized by the police from the trunk of the taxi and searched at the scene without a warrant. The Supreme Court of the United States held that while the search of the vehicle was lawful, the immediate and warrantless search of defendant's luggage, which could have been taken along with the defendant to the police station where a warrant could have been obtained, violated the Fourth Amendment. The Court stated that, "a suitcase taken from an automobile stopped on the highway is not necessarily attended by any lesser expectation of privacy than is

associated with luggage taken from other locations." 442 U.S. at 764, 61 L.Ed. 2d at 245, 99 S.Ct. at 2593. The Court concluded:

> Thus, insofar as the police are entitled to search such luggage without a warrant, their actions must be justified under some exception to the warrant requirement other than that applicable to automobiles stopped on the highway. Where — as in the present case—the police, without endangering themselves or risking loss of evidence, lawfully have detained one suspected of criminal activity and secured his suitcase, they should delay the search thereof until after judicial approval has been obtained. In this way, constitutional rights of suspects to prior judicial review of searches will be fully protected.

*Id.*, 442 U.S. at 766, 61 L.Ed. 2d at 246, 99 S.Ct. at 2594; *cf.*, *United States v. Chadwick*, 433 U.S. 1, 53 L.Ed. 2d 538, 97 S.Ct. 2476 (1977) (warrantless search of footlocker seized from automobile trunk held unlawful); *accord, State v. Gauldin*, 44 N.C. App. 19, 259 S.E. 2d 779 (1979).

In *Sanders*, the Court distinguished between the police's right to search the suitcase and their right to seize it, stating that seizure was constitutionally preferable to immediate search, whenever practical, so that a detached magistrate could rule on the question of probable cause. *Id.*, 442 U.S. at 765-766, 61 L.Ed. 2d at 246, 99 S.Ct. at 2594, n. 14. The majority in *Sanders* noted, however, that

> [n]ot all containers and packages found by police during the course of a search will deserve the full protection of the Fourth Amendment. Thus, some containers (for example a kit of burgler tools or a gun case) by their very nature cannot support any reasonable expectation of privacy because their contents can be inferred from their outward appearance. Similarly, in some cases the contents of a package will be open to "plain view," thereby obviating the need for a warrant. [Citation omitted.] There will be difficulties in determining which parcels taken from an automobile require a warrant for their search and which do not. Our decision in this case means only that a warrant generally is required before personal luggage can be searched and that the extent to which the Fourth Amendment applies to containers and other

parcels depends not at all upon whether they are seized from an automobile.

*Arkansas v. Sanders, supra,* 442 U.S. at 764-765, 61 L.Ed. 2d at 245, 99 S.Ct. at 2593-2594, n. 13.

One of the effects of the Court's opinion in *Sanders* is that law enforcement officials and the courts are left with the difficult problem of determining which containers are protected and which are not. *Id.* (Blackmun, J. dissenting). The Federal circuit courts have extended the holding in *Sanders* to prohibit warrantless searches of other types of containers seized from vehicles. *United States v. Calandrella* and *United States v. Kaye,* 605 F. 2d 236 (6th Cir. 1979), *cert. denied,* ---- U.S. ----, 62 L.Ed. 2d 420, 100 S.Ct. 522 (1979) (briefcase); *United States v. Bella,* 605 F. 2d 160 (5th Cir. 1979) (guitar case); *United States v. Meier,* 602 F. 2d 253 (10th Cir. 1979) (backpack). We believe that the case *sub judice* is most analogous to the situation presented in *Meier.* In *Meier,* the Tenth Circuit reasoned, 602 F. 2d at 255:

> We perceive no significant difference between *Sanders* and the present case. *Sanders* involved a closed but unlocked suitcase lawfully taken from an automobile. Here we are concerned with a closed but unlocked backpack lawfully seized in the search of an automobile. A backpack would seem to be governed by the "suitcase" rule, as a backpack, like a suitcase, is a "repository for personal items when one wishes to transport them." *Arkansas v. Sanders,* 442 U.S. at 764 [61 L.Ed. 2d at 245], 99 S.Ct. at 2593.

In the instant case the trial court found, and the State does not contest, that the contraband was found in mid-March in the pocket of a large winter jacket within which defendant was transporting other clothing. Defendant's use of this large jacket at this time of the year as a container for his personal effects was obvious. As in *Sanders* and *Meier* the contents of the container were not in the plain view of the investigating officer. It is clear that the defendant had sought and expected no lesser amount of privacy with respect to the items enclosed in this "package" than that typically accorded a suitcase, briefcase, guitar case, and backpack. The trial court, having found no exigent circumstances which would justify immediate search of the jacket/container, correctly concluded that Trooper Richardson "having discovered the

contents of the trunk and taking [sic], them under his control, the coat could not [have] been searched without the issuance of a search warrant."

No error.

Judges HEDRICK and WEBB concur.