STATE OF NORTH CAROLINA v. CRAIG RICHARD DUERS

No. 8010SC405

(Filed 21 October 1980)

1. **Searches and Seizures § 34– vehicle fleeing from robbery scene – plastic bag in plain view – no expectation of privacy**

   Where an officer stopped defendant's vehicle while defendant was fleeing from the scene of an armed robbery, defendant had no reasonable expectation of privacy in a white plastic bag in plain view in the vehicle which contained money obtained in the robbery, and the officer was justified in searching the white plastic bag.

2. **Arrest and Bail § 3.6; Searches and Seizures § 37– probable cause for arrest – search of vehicle incident to arrest**

   An officer had probable cause to believe defendant had committed a felony, G.S. 15A-401(b)(2), and the officer lawfully searched defendant's vehicle where the officer was in a shopping center parking lot when he saw a man chasing another man and yelling that he had just robbed a theater; the officer saw the person being chased enter the passenger side of an automobile which was then driven away; and the officer stopped the automobile and found that a female was on the driver's side and defendant was on the passenger side.

3. **Criminal Law § 76.2– admission of incriminating statement – failure to hold voir dire – harmless error**

   The trial court in an armed robbery case erred in admitting over objection a statement made by defendant when he was arrested that his female companion who was driving the getaway car "knew nothing of this" without conducting a voir dire hearing to determine the voluntariness of the statement; however, such error was harmless beyond a reasonable doubt in light of the overwhelming evidence of defendant's guilt of the robbery in question.

4. **Criminal Law § 75.9– spontaneous in-custody statements – absence of Miranda warnings**

   Defendant's in-custody statements to an officer that he didn't "know why [he] did it" and that he hated that he "ever came to Raleigh" were properly admitted into evidence where the court found upon supporting evidence on voir dire that the statements were spontaneously and voluntari-

State v. Duers

ly made by defendant during the course of a general conversation with the officer and were not made in response to questioning.

5. **Robbery § 4.3– armed robbery – identity of perpetrator – sufficiency of evidence**

The State's evidence was sufficient to identify defendant as the perpetrator of an armed robbery of a theater box office where it tended to show that a theater employee followed the robber when he left the theater; the employee called to a policeman in a car to stop the robber; the fleeing robber entered the passenger side of a white car; the policeman followed the white car, stopped it, and found a female on the driver's side and defendant on the passenger side; and the stolen money and a handgun were found in the car.

APPEAL by defendant from *Martin (John C.), Judge.* Judgment entered 18 December 1979 in Superior Court, WAKE County. Heard in the Court of Appeals 18 September 1980.

The defendant was tried for armed robbery. The State offered evidence that on 20 October 1979 at approximately 9:30 p.m. the Valley Twin Theater in Crabtree Valley was robbed of $651.60 at gunpoint by a man wearing a ski mask. Michael R. Rodden testified that he was working as a doorman at the theater at the time. He saw a lone gunman robbing the box office of the theater, and as the gunman left the box office, he followed him. Mr. Rodden testified he lost sight of the robber for approximately six seconds as he turned a corner and then he saw him running towards a Fast Fare. As Mr. Rodden was chasing the robber, he observed a police car in the parking lot and called to the officer in the car: "Stop that man. He robbed the theater." Mr. Rodden testified he saw the man he was chasing get into the passenger side of a white automobile which drove away with the police car following it.

Joe Gunter, an officer with the City of Raleigh Police Department, testified he was in a police vehicle in the Crabtree Valley parking lot when he saw Michael R. Rodden chasing a person and yelling that the person had just robbed the theater. He saw the person get into the passenger side of a white automobile which was driven away as soon as the person entered it. Mr. Gunter testified he did not lose sight of the vehicle until he stopped it in the Crabtree Valley Mall parking lot area. He approached the vehicle and removed two persons from it. A woman was on the driver's side, and the defendant was on the passenger side. He saw a handgun lying on the passenger side

floorboard and a white plastic bag which was in plain view on the passenger side. He opened the bag and it contained $651.60 in currency. He also found a yellow ski mask between the passenger seat and the console.

Defendant was convicted of common law robbery. From a prison sentence imposed, he appealed.

*Attorney General Edmisten, by Assistant Attorney General James E. Magner, Jr., for the State.*

*William Eugene Anderson for defendant appellant.*

WEBB, Judge.

[1] The defendant's first assignment of error is to the admission into evidence of the money which.was found in the white bag in plain view in the automobile. The defendant relies on *Arkansas v. Sanders,* 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed. 2d 235 (1979); *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed. 2d 538 (1977); *State v. Gauldin,* 44 N.C. App. 19, 259 S.E. 2d 779 (1979), *cert. denied,* 299 N.C. 333, 265 S.E. 2d 399 (1980). Defendant argues that there is no greater exigency in the case sub judice than in those cases, and it violated his fourth amendment rights for the officer to search the bag within the automobile without obtaining a search warrant. In each of the cases relied on by the defendant, the officers, acting on a tip from an informant that a suitcase or footlocker carried by the defendant contained marijuana, arrested the defendant, took the suitcase or footlocker in custody, and searched it without a warrant. The rationale of these cases is that there is an expectation of privacy in a suitcase or footlocker so that once it has been seized, no exigency exists such that it may be searched without a warrant. The factual situation in the case sub judice is distinguishable from *Chadwick, Sanders,* and *Gauldin.* The officer was not acting on a tip from an informant but had intervened during a flight from a robbery. We hold there was not a reasonable expectation of privacy in a white plastic bag used to carry the fruits of the crime. Under these circumstances, we hold the officer was justified in searching the plastic bag found in the automobile.

[2] The defendant's second assignment of error is to the admission in evidence of the other items seized after a search of the

automobile. The defendant contends the arrest was not lawful which made a search of the vehicle unlawful. G.S. 15A-401 provides in part:

> (b) Arrest by Officer Without a Warrant.
>
> * * *
>
> > (2) Offense Out of Presence of Officer. — An officer may arrest without a warrant any person who the officer has probable cause to believe:
> >
> > a. Has committed a felony . . . .

Without reviewing the evidence in detail, we hold it is sufficient to show the officer had probable cause to believe defendant had committed a felony. The search of the vehicle was lawful. *See State v. Allen,* 282 N.C. 503, 194 S.E. 2d 9 (1973).

[3] In his third assignment of error, defendant argues a statement he made at the time of his arrest should have been excluded. Mr. Gunter testified that as he was putting the handcuffs on defendant, he "said she knew nothing about this, something to that effect." The court overruled the defendant's objection to this inculpatory statement without conducting any hearing. It was error for the court not to determine the voluntariness of the admission by a preliminary inquiry in the absence of the jury. *State v. Vickers,* 274 N.C. 311, 163 S.E. 2d 481 (1968). We do not believe, however, this error requires a new trial. According to the evidence, the statement was not coerced. The evidence of the defendant's guilt is overwhelming. After reviewing the record, we hold that the impact of all the evidence on the minds of the average jury would be such that the exclusion of the challenged testimony would not affect the outcome. We hold this error was harmless beyond a reasonable doubt. *See State v. Cox,* 281 N.C. 275, 188 S.E. 2d 356 (1972) and *State v. Hudson,* 281 N.C. 100, 187 S.E. 2d 756 (1972).

[4] Defendant also assigns as error the admission into evidence of a statement he made to Mr. Gunter as he was being carried to police headquarters. Mr. Gunter testified that as defendant was being carried from the Crabtree Valley Mall to police headquarters, he said, "I don't know why I did it. I hate I ever came to Raleigh." Prior to the trial, a *voir dire* hearing was held as to the admissibility of this statement. Mr. Gunter testi-

fied that, as he was carrying the defendant to police headquarters, they were engaged in a general conversation. The statement about which he testified was made by the defendant in the course of the conversation and was not in response to a question. Defendant offered no evidence. The court found the statement was spontaneously and voluntarily made by the defendant and overruled the motion to suppress. These findings were supported by the evidence and we are bound by them. The admission of this statement was not error. *State v. Williams*, 13 N.C. App. 423, 185 S.E. 2d 604 (1972) and *State v. Basden*, 8 N.C. App. 401, 174 S.E. 2d 613 (1970).

[5] The defendant's last assignment of error is to the court's failure to grant his motion to dismiss. He says this should have been done because the evidence is not sufficient to identify the defendant as the perpetrator of the robbery. This assignment of error is overruled.

No error.

Judges VAUGHN and MARTIN (Robert M.) concur.