**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Carl Joseph CALARCO, Defendant-Appellant.**

**No. 81–5429.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 8, 1981.

Decided Jan. 18, 1982.

William C. Oldfield, Covington, Ky., for defendant-appellant.

Patrick Molloy, U. S. Atty., James E. Arehart, Robert E. Rawlins, Asst. U. S. Attys., Lexington, Ky., for plaintiff-appellee.

Before MERRITT and KENNEDY, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Calarco appeals from his conviction for knowingly transporting stolen goods across state lines in violation of 18 U.S.C. § 2314. Appellant claims that the District Judge erred in denying appellant's motion to suppress evidence. We disagree and affirm the judgment of the District Court.

In early January, 1981, FBI agents learned from an informant that appellant would have in his possession in Newport, Kentucky, paintings recently stolen in Cleveland, Ohio and valued at over $230,-000. The agents obtained search warrants for two rooms in a motel in Newport. The warrants for the rooms were unsuccessfully executed on the morning of January 15, 1981.

After execution of the warrants appellant and a co-defendant arrived at the motel in separate cars, one of which was a station wagon. The agents observed several flat square objects in the back of the station wagon, wrapped in blankets, that could have been paintings. When appellant and his co-defendant entered this car and prepared to leave the agents detained them. During the detention one of the agents secured a warrant that authorized a search of the station wagon. To secure the search warrant the agent described with particularity the paintings that the agent expected to find wrapped in the blankets. Pursuant to the warrant the agents removed the flat wrapped objects from the car, took them into the motel, and unwrapped them. They did, in fact prove to be the stolen paintings.

Appellant moved to suppress the paintings on the ground that while the warrant authorized the search of the car, it did not authorize the search of the blankets within the car. Thus, appellant argued, the search of the blankets to find the paintings violated the fourth amendment. The District Court denied the motion to suppress, ruling that the warrant authorizing a search of the car also authorized the search of the contents of the car. Appellant was tried on stipulated facts and sentenced to five years in prison.

On appeal appellant relies on *Robbins v. California,* 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981); *Walter v. United States,* 447 U.S. 649, 100 S.Ct. 2395, 65 L.Ed.2d 410; and *Arkansas v. Sanders,* 422 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979). The principles which control in those cases are inapplicable here. In *Arkansas v. Sanders* the warrantless search of a suitcase seized during a warrantless but lawful search of a car was held to violate the fourth amendment. The Supreme Court's rationale was that the automobile exception to the warrant requirement should be extended no further than is necessary to solve the problem of highly mobile evidence and this problem does not exist once luggage has been removed from a car. 422 U.S. at 761–765, 99 S.Ct. at 2591–2593. *Robbins v. California* is similar on its facts and the Supreme Court's rationale is identical 453 U.S. at 442–449, 101 S.Ct. at 2854–2858, 69 L.Ed.2d at 748–750. In *Walter v. United States* the Court held unlawful the warrantless search of film containers that were lawfully in the government's possession. The Court noted that there was no warrant, that the government's right to possess is distinct from its right to search, and that warrant requirements are especially strict when first amendment rights are at stake. 447 U.S. at 654–655, 100 S.Ct. at 2400–2401.

In this case, by contrast, there was a warrant. Thus, the question we face is whether the search of the blankets was within the scope of this warrant, not whether the search fell within the properly limited scope of some exception to the warrant requirement. Absent some unusual circumstances not present here, a warrant authorizing the search of a container also authorizes the search of objects found within that container. For example, officers executing a warrant to search a house need not obtain additional warrants to search closets or furniture within the house. This result is in accord with decisions of the three other circuits that have addressed the issue. *See United States v. Morris,* 647 F.2d 568 (5th Cir. 1981); *United States v. Kralik,* 611 F.2d 343 (10th Cir. 1979), *cert. denied,* 445 U.S. 953, 100 S.Ct. 1603, 63 L.Ed.2d 788 (1980); *United States v. Callison,* 577 F.2d 53, 55 (8th Cir.), *cert. denied,* 439 U.S. 873, 99 S.Ct. 209, 58 L.Ed.2d 187 (1978).

Accordingly, the judgment of the District Court is affirmed.