STATE OF NORTH CAROLINA v. MICHAEL BARXLEY GREENWOOD

No. 152

(Filed 6 January 1981)

**Searches and Seizures § 37— pocketbook on rear seat of car — warrantless search incident to arrest for marijuana possession**

    Search of a pocketbook found on the rear seat of defendant's automobile subsequent to his warrantless arrest for possession of marijuana was proper since defendant offered no evidence to show any legitimate property or possessory interest in the pocketbook; the State's evidence tended to show that it belonged to a third person and it had been stolen from her automobile which was parked near defendant's automobile; and defendant failed to show that the seizure and search of the pocketbook infringed upon his own personal rights under the Fourth Amendment.

APPEAL by the State from decision of the Court of Appeals, 47 N.C. App. 731, 268 S.E.2d 835 (1980), reversing the trial court's order which denied defendant's motion to suppress a pocketbook and its contents.

Defendant was charged under G.S. 90-95(a)(3) with the misdemeanor possession of marijuana and under G.S. 14-56 and

G.S. 14-72 with the felonious breaking and entering of a motor vehicle and the larceny therefrom of a pocketbook. Defendant moved to suppress both the marijuana and the pocketbook and its contents.

At a pretrial suppression hearing, the State offered evidence tending to show that on 27 November 1977 at approximately 8 p.m., Officer Simpson of the High Point Police Department was called to the Church of God at 209 West Ward Street in High Point to investigate a report that a suspicious person was on the premises. Upon arrival, Officer Simpson was directed to a 1966 blue Ford Mustang parked in the corner of the church parking lot and occupied by defendant who was sitting in the driver's seat.

At the request of Officer Simpson, defendant rolled the window down and the officer asked to see his driver's license. At that time Officer Simpson detected the odor of marijuana in and around the vehicle and asked defendant to get out, which he did. The officer advised defendant of his constitutional rights. Officer Simpson then informed defendant that he intended to search the vehicle for marijuana. The search revealed several fragments of cigarette butts which were later determined to contain marijuana. He also discovered a "roach clip" with marijuana residue on it. Defendant was then arrested for possession of marijuana. Defendant was advised by Officer Simpson that, according to departmental rules and regulations, it was his duty to store and inventory defendant's car. Officer Simpson then proceeded to inventory the vehicle. In doing so, he found a light brown pocketbook under some jackets on the rear seat of the car. The pocketbook was searched and the contents inventoried. The contents revealed that the pocketbook did not belong to defendant but was the property of Rosabelle Duncan. Defendant was then charged with breaking and entering a motor vehicle belonging to Rosabelle Duncan and with the larceny of the pocketbook therefrom. Defendant's vehicle was subsequently towed away and stored.

At the conclusion of the suppression hearing, the court denied defendant's motion to suppress, concluding that Officer Simpson had the right, under the circumstances, to make a warrantless search of defendant's vehicle for marijuana and to impound the car "to keep it from getting away."

Thereafter at trial, defendant pleaded no contest to the charge of misdemeanor possession of marijuana and misdemeanor breaking

and entering. Pursuant to a plea arrangement, defendant was given a suspended sentence of not less than eighteen nor more than twenty-four months, placed on unsupervised probation for a period of two years, and ordered to pay fines and costs in each case. Execution of the sentence was stayed pending appeal by defendant of the denial of his motion to suppress. G.S. 15A-979(b).

The Court of Appeals upheld the trial court's order denying defendant's motion to suppress the marijuana but held the motion to suppress should have been allowed insofar as it related to the contents of the pocketbook. The State appealed to this Court alleging error with respect to suppression of the contents of the pocketbook.

*Rufus L. Edmisten, Attorney General, by William R. Shenton, Associate Attorney, for the State, appellant.*

*Robert L. McClellan, Assistant Public Defender, for defendant appellee.*

HUSKINS, Justice.

The only question before the Court on this appeal is whether the Court of Appeals erred in holding that the pocketbook and its contents should have been suppressed. We answer in the affirmative and reverse.

It is apparent from the face of the record that the pocketbook in question was not the property of the defendant. In fact, defendant's possession of the pocketbook was the basis of the breaking, entering and larceny charge against him under G.S. 14-56. Defendant offered no evidence to show any legitimate property or possessory interest in the pocketbook, and we conclude that he had none. The State's evidence tends to show that it belonged to a lady named Duncan and had been stolen from her 1976 Toyota automobile parked on the church parking lot nearby.

It is a general rule of law in this jurisdiction that one may not object to a search or seizure of the premises or property of another. *State v. Eppley*, 282 N.C. 249, 192 S.E.2d 441 (1972); *State v. Ray*, 274 N.C. 556, 164 S.E.2d 457 (1968); *State v. Craddock*, 272 N.C. 160, 158 S.E.2d 25 (1967). We said in *Craddock* that "immunity to unreasonable searches and seizures is a privilege personal to those whose rights thereunder have been infringed." *Id.* at 169, 158 S.E. 2d at 32. Absent ownership or possessory interest in the premises or

property, a person has no standing to contest the validity of a search. *State v. Eppley, supra.* Our decisions on this point are in accord with Fourth Amendment interpretations by the Supreme Court of the United States. *See Rakas v. Illinois,* 439 U.S. 128, 58 L.Ed.2d 387, 99 S.Ct. 421 (1978). In that case the passengers in a motor vehicle challenged its search. In dismissing their challenge, the Court said:

> A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed. And since the exclusionary rule is an attempt to effectuate the guarantees of the Fourth Amendment, it is proper to permit only defendants whose Fourth Amendment rights have been violated to benefit from the rule's protections.

*Id.* at 134, 58 L.Ed.2d at 395, 99 S.Ct. at 425 (citations omitted). Decisions of this Court in accord with *Rakas* include *State v. Jones,* 299 N.C. 298, 261 S.E.2d 860 (1980); *State v. Alford,* 298 N.C. 465, 259 S.E.2d 242 (1979); *State v. Taylor,* 298 N.C. 405, 259 S.E.2d 502 (1979); *State v. Crews,* 296 N.C. 607, 252 S.E.2d 745 (1979). In *Crews,* we held that defendants had no standing to object to the search of the truck which they had stolen. In *Taylor,* we held that defendant had the burden of demonstrating an infringement of his personal rights by a search. *Compare Ybarra v. Illinois,* 444 U.S. 85, 62 L.Ed.2d 238, 100 S.Ct. 338 (1979), and *Rawlings v. Kentucky,* — U.S. —, 65 L.Ed.2d 633, 100 S.Ct. 2556 (1980).

Applying the foregoing principles of law to the facts before us, we hold that defendant failed to show that the seizure and search of the pocketbook infringed upon his own personal rights under the Fourth Amendment. Therefore, defendant's motion to suppress the pocketbook and its contents was properly denied by the trial court. Decision of the Court of Appeals to the contrary is erroneous and must be reversed.

The Court of Appeals properly rejected defendant's argument that the search of his automobile was pursuant to an unlawful seizure of his person. It further correctly concluded that the smell of marijuana gave the officer probable cause to search the automobile for the contraband drug. It erred, however, in relying on its recent decision in *State v. Cole,* 46 N.C. App. 592, 265 S.E.2d 507, *cert. den.,* 301 N.C. 96, — S.E.2d — (1980), to sustain its conclusion that the

warrantless seizure and search of the stolen pocketbook was improper. In *Cole*, the Court of Appeals held the warrantless search of Cole's jacket found in the trunk of Cole's automobile violated his Fourth Amendment rights. Cole's reasonable expectations of privacy had been violated because the pockets of his jacket had been invaded. *Compare Arkansas v. Sanders*, 442 U.S. 753, 61 L.Ed.2d 235, 99 S.Ct. 2586 (1979). For obvious reasons, the stolen pocketbook in this case cannot be equated with the jacket in *Cole* because Cole owned the jacket and could reasonably be expected to use it as a repository for personal items. This placed the jacket beyond the search power of the investigating officer. Here, however, defendant had stolen the pocketbook and may not treat it as his personal luggage to create a constitutional sanctuary. No thief has any reasonable expectations of privacy in his use of the property he has stolen. *Cole* is factually distinguishable and is not controlling here.

For the reasons stated, the decision of the Court of Appeals, insofar as it reversed the trial court's order denying defendant's motion to suppress the pocketbook and its contents, is

Reversed.