STATE v. STURKIE

[325 N.C. 225 (1989)]

STATE OF NORTH CAROLINA v. RICHARD A. STURKIE

No. 439PA88

(Filed 26 July 1989)

ON appeal and discretionary review of the decision of the Court of Appeals, 91 N.C. App. 249, 371 S.E. 2d 288 (1988), setting aside a judgment entered by *Kirby, J.*, in the Superior Court, GASTON County, on 14 July 1987, and awarding the defendant a new trial. Heard in the Supreme Court on 13 March 1989.

*Lacy H. Thornburg, Attorney General, by L. Darlene Graham, John H. Watters and Norma S. Harrell, Assistant Attorneys General,* for the State appellant.

*Frank Patton Cooke, by Malcolm B. McSpadden, for the* defendant appellee.

STATE v. STURKIE

[325 N.C. 225 (1989)]

PER CURIAM.

The defendant was tried at the 13 July 1987 session of Superior Court, Gaston County, for felonious possession of stolen property. At the beginning of trial, the defendant moved to suppress use of the stolen property as evidence, contending that it had been obtained by police officers through an unlawful warrantless search and seizure in violation of his constitutional rights. After a suppression hearing, the trial court held the warrantless search and seizure to have been lawful and admitted the property into evidence. The defendant was found guilty of felonious possession of stolen property, and he appealed to the Court of Appeals.

On appeal, the Court of Appeals concluded that the trial court's findings and conclusions to the effect that the person with exclusive use and control of the searched premises voluntarily consented to both the search and the seizure were supported by evidence and free of error. The Court of Appeals further held, however, that the trial court should have suppressed the evidence because police officers did not have probable cause to believe the property seized was stolen and, therefore, it was not lawfully seized. The Court of Appeals ordered a new trial on that basis.

The State filed an appeal to this Court and also petitioned for discretionary review; discretionary review was allowed. In its notice of appeal and petition for discretionary review, the State did not seek to contest the conclusion of the Court of Appeals on the probable cause question. Instead, the State, relying upon *Rakas v. Illinois*, 439 U.S. 128, 58 L.Ed. 2d 387 (1978), and *State v. Greenwood*, 301 N.C. 705, 273 S.E. 2d 438 (1981), sought only to have this Court review the question of whether the defendant had a sufficient interest in the property seized to establish a violation of his own constitutional rights. Therefore, only that single question is before us by virtue of the State's appeal and our granting of the State's petition for discretionary review. App. R. 16(a). Our review of the complete record now before us indicates that the arguments the State has now presented concerning this issue were made directly for the first time in this case in its petition and its brief before this Court. Without deciding whether the issue the State has brought forward is properly before us and, further, without deciding any question concerning the correctness of any part of the decision and opinion of the Court of Appeals, we now conclude that our discretionary review in this case was improvidently

STATE v. STURKIE

[325 N.C. 225 (1989)]

allowed and that the State's appeal should be dismissed. Our holding in this regard is without value as precedent. *See Peaseley v. Coke Co.*, 282 N.C. 585, 194 S.E. 2d 133 (1973).

Review improvidently allowed; appeal dismissed.