STATE v. COHEN

[117 N.C. App. 265 (1994)]

---

STATE OF NORTH CAROLINA v. SETH ROBERT COHEN

No. 9318SC1082

(Filed 6 December 1994)

**Searches and Seizures § 21 (NCI4th)— objection to search and seizure of briefcase—failure to assert ownership in briefcase—no standing to object**

Defendant did not have standing to object to the search and seizure of a briefcase and its contents found in his wife's car trunk when defendant never asserted an ownership or possessory interest in the briefcase.

**Am Jur 2d, Evidence § 646.**

**Interest in property as requisite of accused's standing to raise question of constitutionality of search and seizure. 4 L. Ed. 2d 1999.**

STATE v. COHEN

[117 N.C. App. 265 (1994)]

Appeal by defendant from judgment entered 6 August 1993 by Judge Preston Cornelius in Guilford County Superior Court. Heard in the Court of Appeals 29 August 1994.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Thomas D. Zweigart, for the State.*

*Assistant Public Defenders Walter L. Jones and Richard S. Boulden, Eighteenth Judicial District, for defendant-appellant.*

THOMPSON, Judge.

The issue presented by this appeal is whether or not the defendant has standing to object to the search and seizure of a briefcase and its contents when the defendant never asserted an ownership or possessory interest in the briefcase. We hold that the defendant does not have standing to object to the search of the briefcase.

The defendant was indicted on four separate counts of common law robbery. At trial, evidence for the State tended to show that Wachovia Bank branches were robbed on four different dates in 1992 by a white male meeting the same general physical description and wearing a trench coat and ski mask. The robber in each case wore latex gloves, displayed a gun and handed the teller a brown paper bag.

Paul Keys was a driver for an auto parts store in Greensboro. The auto parts store was located about one-half block behind a Wachovia Bank branch located on Wendover Avenue. On 12 January 1993 Mr. Keys saw the defendant behind the auto parts store in a wooded area that separated that store from the nearby Wachovia Bank branch. The defendant was wearing a trench coat. Mr. Keys saw the defendant carrying a bag and attempting to cover the bag with leaves. When the defendant noticed that Mr. Keys was watching him, he walked away carrying the bag. Subsequently, Mr. Keys saw the defendant leaving the parking area in a silver Toyota at a high rate of speed. Because the defendant's behavior seemed strange to Mr. Keys, he followed the defendant and wrote down his license plate number. He then called the police to report the incident.

Following this report, the Greensboro police checked the car's registration and determined that it was owned by Mrs. Alicia Cohen, wife of the defendant. To determine whether the car had been stolen and whether the female owner was in distress, an officer reached Mrs. Cohen by telephone. During the officer's conversation with Mrs.

**STATE v. COHEN**

[117 N.C. App. 265 (1994)]

Cohen the defendant picked up the telephone on another extension, and the officer spoke with him regarding the incident reported by Mr. Keys. While the officer was speaking to the defendant, it became apparent that the defendant had been the individual driving his wife's car at the time it was pursued by Mr. Keys. When questioned over the phone by the officer, the defendant gave several conflicting accounts of his presence behind the auto parts store. Because of the defend-. ant's inconsistent stories, the officer suspected the defendant was being untruthful. Subsequently, officers went to the Cohen residence to further pursue their inquiry.

When questioned at his residence by the officers, the defendant told the officers that he had found several bags in the woods. The defendant then offered to take the officers to his wife's car to show them the contents of the bags. Mrs. Cohen's car was then located at a repair shop, and the defendant told the officers that the items he found were in the trunk. The defendant gave officers several inconsistent stories about his connection with the bags. At the repair shop, the defendant gave the officers several plastic bags and told them that they contained the items he had found in the woods where Mr. Keys had seen him. A police detective asked the defendant to accompany him to the police station where the detective examined the contents of the bags. In one bag he found a trench coat, a black automatic toy pistol in the pocket of the coat, a wig, a stocking mask with eye holes cut out, a hooded sweat shirt, surgical gloves, and a number of brown paper bags. A label in the trench coat displayed a military-type stamp with the name "J.A. White." Another bag contained gray trousers and a pair of white tennis shoes. A third bag contained a wig, a stocking cap, surgical gloves and more brown paper bags. A brown hooded sweatshirt was found in a fourth bag. These items resembled clothing worn by the robber at the various Wachovia Bank locations. The defendant was placed under arrest.

After the defendant was placed under arrest, the Greensboro police returned to the residence of the defendant where Mrs. Cohen was present. Mrs. Cohen agreed to give the police permission to search the apartment and the car registered in her name. She asked a neighbor to accompany an officer to the repair facility and to bring the car back to her residence. After Mrs. Cohen signed a form consenting to the search of her car, police examined its contents, including an unlocked red briefcase. In voir dire testimony, Detective Evers stated that Mrs. Cohen was standing nearby when her car was searched and that she invited the officers to look at anything in the

car. Inside the briefcase, there was a belt matching the trench coat found in the bag the defendant had given police. The same type of military stamp with the name "J.A. White" was on the belt. Also in the case were a Cleveland Browns baseball cap, a bag of disposable latex gloves, a paper sandwich bag and various items with the defendant's name on them.

At trial, the defendant objected to the admission of evidence found in the briefcase on the basis that his wife did not have authority to consent to the search of the briefcase. In support of his motion to suppress that evidence, the defendant moved to admit into evidence an affidavit of his wife, Mrs. Alicia Cohen. The affidavit contained statements of Mrs. Cohen to the effect that she did not knowingly give consent to search the contents of her car because she did not know the briefcase was in the trunk. Mrs. Cohen had been present at the trial that day but was absent from the courtroom when the affidavit was offered. The court refused to accept the affidavit of Mrs. Cohen since she was available as a witness and the court offered to continue the trial until her presence could be arranged. The defendant declined the court's offer of additional time to produce Mrs. Cohen to testify with respect to her consent to the search. At trial the defendant presented no evidence.

On 6 August 1993, the defendant was convicted of four counts of common law robbery in violation of N.C. Gen. Stat. § 14-87.1. On appeal the defendant contends that the search and seizure of the briefcase and its contents violated his rights under the Fourth Amendment to the United States Constitution and Section 20 of the North Carolina Constitution.

We do not address the defendant's argument as to whether either his Fourth Amendment rights or his rights under Section 20 of the North Carolina Constitution were violated because we hold that he does not have standing to assert them.

The Supreme Court of the United States has said:

"Rights assured by the Fourth Amendment are personal rights, [which] . . . may be enforced by the exclusion of evidence only at the instance of one whose own protection was infringed by the search and seizure." *Simmons v. United States*, 390 U.S., at 389, 88 S.Ct. 974.

*Rakas v. Illinois*, 439 U.S. 128, 138, 58 L.Ed.2d 387, 398 (1978), *reh'g denied*, 439 U.S. 1122, 59 L.Ed.2d 83 (1979). This Court has stated that

**STATE v. COHEN**

[117 N.C. App. 265 (1994)]

an "individual's Fourth Amendment rights are personal rights which may not be vicariously asserted by another." *State v. Melvin,* 53 N.C. App. 421, 424, 281 S.E.2d 97, 100 (1981), *cert. denied,* 305 N.C. 762, 292 S.E.2d 578 (1982).

A defendant has the burden of demonstrating that his Fourth Amendment rights have been violated. *State v. Greenwood,* 301 N.C. 705, 273 S.E.2d 438 (1981); *State v. Jones,* 299 N.C. 298, 261 S.E.2d 860 (1980); *State v. Taylor,* 298 N.C. 405, 259 S.E.2d 502 (1979); *State v. Melvin,* 53 N.C. App. 421, 425, 281 S.E.2d 97, 100 (1981). "In order for the defendant to establish that he has standing he must demonstrate that he had a 'legitimate expectation of privacy' in the premises searched." *State v. Melvin,* supra; *Rakas v. Illinois,* supra; *State v. Jones,* supra; *State v. Alford,* 298 N.C. 465, 259 S.E.2d 242 (1979).

In the case at bar the defendant has failed to meet his burden of proof. There is no competent evidence in the record that defendant asserted either an ownership or possessory interest in the briefcase which was searched, and therefore the defendant has failed to demonstrate that he had a "legitimate expectation" of privacy as to the briefcase and its contents. *Melvin,* 53 N.C. App. at 425, 281 S.E.2d at 100 (*citing Rakas v. Illinois,* supra). In his motion to suppress the evidence, the defendant argued that since his wife had indicated to the officers that the briefcase did not belong to her, she did not have the authority to give consent to search the briefcase located in the trunk of her car. In support of his motion, the defendant submitted an affidavit of his wife in which she stated, among other things, that the briefcase found in the trunk of her car belonged to defendant. The trial court properly refused to admit the affidavit since the defendant's wife was available to testify. The defendant presented no evidence at trial; therefore, there is no competent evidence in the record that defendant asserted any ownership or possessory interest in the briefcase.

At trial the defendant made a conscious tactical decision not to assert an ownership or possessory interest in the briefcase. He cannot now on appeal be heard to complain that the officers' search and seizure of the briefcase and its contents violated his Fourth Amendment rights under the United States Constitution or his rights under Section 20 of the North Carolina Constitution.

No error.

Chief Judge ARNOLD and Judge MARTIN concur.