STATE v. COVINGTON

[138 N.C. App. 688 (2000)]

━━━━━━━

STATE OF NORTH CAROLINA v. JOSEPH EDWARD COVINGTON, II

No. COA99-578

(Filed 5 July 2000)

**1. Search and Seizure— traffic stop—officer in place or position to apprehend or warn**

　　The trial court did not err in a driving while impaired case by denying defendant's motion to suppress all evidence obtained as a result of the stop of his vehicle, because: (1) two officers entered the area to investigate a reported breaking and entering; (2) one officer was positioned to apprehend the suspects or warn incoming residents of possible criminal activity; and (3) the officer stopped two vehicles, the second one being defendant's, in order to perform that very function.

**2. Search and Seizure— traffic stop—impaired driving checkpoint not required**

　　Although defendant contends an officer's stop of his vehicle was illegal based on an alleged failure to establish a valid checking station for impaired driving checks as required by N.C.G.S. § 20-16.3A, it was reasonable for an officer to briefly stop and detain defendant to ascertain defendant's identity and his pos-

sible involvement in criminal activity or to warn him as a resi-
dent, because: (1) the stop in this case did not arise pursuant to
an impaired driving case, making this statute inapplicable; and
(2) the stop of defendant's automobile was predicated on the fact
that a break-in had been reported recently in the area, revealing
that the stop was based on reasonable and articulable facts.

### 3. Evidence— suppression hearing—presumption judge disregards improper evidence

The trial court did not err in a driving while impaired case by
admitting testimony at the suppression hearing concerning
events subsequent to the stop of defendant's vehicle, because: (1)
defendant has not presented authority limiting the scope of evi-
dence presented at a suppression hearing; and (2) it is presumed
that a judge hearing a matter without a jury disregards any
improper evidence.

Appeal by defendant from judgment entered 18 May 1998 by
Judge James M. Webb in Randolph County Superior Court. Heard in
the Court of Appeals 13 March 2000.

*Attorney General Michael F. Easley, by Special Deputy Attorney
General Isaac T. Avery, III, for the State.*

*James Hill, Jr. for the defendant-appellant.*

LEWIS, Judge.

Defendant was found guilty of driving while impaired in
Randolph County Criminal District Court on 16 December 1997 and
appealed to superior court for a trial de novo. On 18 March 1998, the
Randolph County Superior Court denied defendant's motion to sup-
press evidence obtained from the stop of defendant's vehicle. At a
hearing at the 18 March 1998 session of Randolph County Superior
Court, defendant entered a plea of guilty and was sentenced to two
years supervised probation and one year unsupervised probation and
fined $200.

The State's evidence tended to show the following. On 23
December 1996 at approximately 3:00 a.m., Officer Paul Maness and
his training officer, Scott Messenger, of the Asheboro Police
Department, received a call reporting that two males had broken into
an apartment building in Asheboro, and that the assailants were leav-
ing the apartment building, heading toward Morgan Avenue. The offi-

cers drove to an intersection approximately 300 yards from the reported break-in and separated; Officer Messenger proceeded to the apartment building on Morgan Avenue and Officer Maness remained at the intersection. Officer Messenger ordered Officer Maness to stop any pedestrians or vehicles entering the area.

Two vehicles entered the area, and Officer Maness stopped them both by waving his flashlight. Officer Maness asked the driver of the first vehicle for his license, spoke with the driver and passengers briefly and allowed them to proceed. Defendant's vehicle approached the intersection next, and Officer Maness again waved his flashlight. Defendant stopped and rolled down his window. Officer Maness explained that he was investigating a possible breaking and entering in the area and was stopping all pedestrians and vehicles as part of the investigation. Without being asked to do so by Officer Maness, defendant exited the vehicle, staggering and talking about what he would do if someone had broken into his house. Having detected an odor of alcohol on defendant when he exited his vehicle, Officer Maness contacted Officer Messenger. When Officer Messenger returned to the intersection, he informed Officer Maness that the breaking and entering report was false. Officer Maness was not made aware of this before stopping defendant's vehicle.

Defendant was given a breath test using an Intoxilyzer, which revealed an alcohol concentration of .19. Defendant was then arrested for driving while impaired in violation of N.C. Gen. Stat. § 20-138.1.

[1] On appeal, defendant sets forth several arguments surrounding the trial court's denial of his motion to suppress all evidence obtained as a result of the stop of his vehicle. In his first argument, defendant contends the court's finding that Officer Maness was "in a place or a position to apprehend or to warn incoming residents of the subdivision of any criminal activity that might be taking place" is not supported by the evidence. Defendant has not taken issue with any of the trial court's conclusions of law.

In reviewing the trial court's order following a motion to suppress, the trial court's findings of fact are conclusive if supported by competent evidence in the record. *State v. Mahaley*, 332 N.C. 583, 592-93, 423 S.E.2d 58, 64 (1992), *cert. denied*, 513 U.S. 1089, 130 L. Ed. 2d 649 (1995). As previously stated, the evidence in this case indicates that the officers here entered the area to investigate a reported breaking and entering. Officer Maness was positioned to

apprehend the suspects or warn incoming residents of possible criminal activity. The testimony indicates that Officer Maness stopped two vehicles in order to perform that very function. We find the evidence sufficient to support the trial court's finding.

[2] Defendant next contends the stop itself was illegal, since the officers here failed to establish a valid checking station in violation of N.C. Gen. Stat. § 20-16.3A, which sets forth the requirements for impaired driving checks. Because the stop here did not arise pursuant to an impaired driving check, this provision does not apply. Instead, the officers' conduct in this case is governed by *Delaware v. Prouse*, 440 U.S. 648, 59 L. Ed. 2d 660 (1979). There, the United States Supreme Court held that random stops of automobiles and detention of drivers for license and registration checks violate the Fourth Amendment. However, the *Prouse* Court stated this rule is inapplicable in situations where there is an "articulable and reasonable suspicion" that an occupant of the vehicle is subject to seizure for violation of the law. *Id.* at 663, 159 L. Ed. 2d at 673. This standard falls short of the traditional notion of probable cause, which is required for an arrest.

Likewise, our courts have established that police officers may be warranted in making investigatory stops and detaining the occupants of motor vehicles when the facts would justify an "articulable and reasonable suspicion" that the occupants of that vehicle may be engaged in or connected with some form of criminal activity. *State v. Thompson*, 296 N.C. 703, 706, 252 S.E.2d 776, 779 (1979); *State v. Douglas*, 54 N.C. App. 85, 91, 282 S.E.2d 832, 835 (1981); *State v. Greenwood*, 47 N.C. App. 731, 735, 268 S.E.2d 835, 838 (1980), *rev'd on other grounds*, 301 N.C. 237, 273 S.E.2d 438 (1981). The relevant standard for testing the conduct of law enforcement officers in effecting a warrantless "seizure" of an individual is that "the police officer must be able to point to specific and articulable facts, which taken together with rational inferences from those facts, reasonably warrant [the] intrusion." *Thompson*, 296 N.C. at 706, 252 S.E.2d at 779 (quoting *Terry v. Ohio*, 392 U.S. 1, 21, 20 L. Ed. 2d 889, 906 (1968)).

The evidence in this case shows that the stop of defendant's automobile was predicated on the fact that a break-in had been reported recently in the area. The hour was late, after 3 a.m., and very few cars were in the area. These facts and the natural inferences arising from them show the stop of defendant was based on reasonable and artic-

ulable facts. *See, e.g., State v. Tillett and State v. Smith,* 50 N.C. App. 520, 274 S.E.2d 361 (1981). Thus, we conclude it was reasonable for Officer Maness to stop and detain defendant briefly to ascertain his identity and his possible involvement in criminal activity or to warn him as a resident.

**[3]** Defendant next contends the trial court erred in admitting testimony at the suppression hearing as to events subsequent to the stop of defendant's vehicle. Defendant contends that the only issue at the suppression hearing was whether the officer had the right to stop defendant's vehicle, and any evidence regarding what happened after the initial stop was improper. Defendant has presented no authority limiting the scope of evidence presented at a suppression hearing. Nonetheless, we note:

> [T]he rule is well established that in a hearing before a judge on a preliminary motion, the ordinary rules as to the competency of evidence that apply in a trial before a jury are *relaxed* because the judge, being knowledgeable in the law, is able to eliminate immaterial and incompetent testimony and to consider only that evidence properly tending to prove the facts to be found.

*State v. Allen,* 90 N.C. App. 15, 23, 367 S.E.2d 684, 689 (1988) (emphasis added). Further, it is presumed that a judge hearing a matter without a jury disregards any improper evidence unless it affirmatively appears that he was influenced by the evidence. *State v. Harris,* 43 N.C. App. 346, 350, 258 S.E.2d 802, 805 (1979). Given our conclusion that the trial court found specific, articulable facts sufficient to justify Officer Maness in making an investigatory stop of defendant's car, we find defendant's argument unpersuasive.

We have reviewed defendant's remaining argument and find it to be without merit.

No error.

Judges JOHN and EDMUNDS concur.