STATE OF NORTH CAROLINA v. CARLOS FITZGERALD SMITH

No. COA08-21

(Filed 16 September 2008)

**1. Search and Seizure— traffic stop—warrantless search— motion to suppress—sufficiency of evidence—odor of marijuana**

The trial court did not err in a possession of a firearm by a felon case by denying defendant's motion to suppress evidence obtained following a stop of his vehicle because: (1) reasonable suspicion is the necessary standard for traffic stops regardless of whether the traffic violation was readily observed or merely suspected; (2) based on the objective facts and the totality of circumstances, an officer possessed reasonable suspicion to believe that defendant was operating his vehicle with an improper registration tag; and (3) probable cause existed for a warrantless search of the vehicle when the officer detected the odor of marijuana emanating from defendant's vehicle as he approached it.

**2. Firearms and Other Weapons— possession of firearm by felon—sufficiency of evidence—constructive possession**

The trial court did not err by denying defendant's motion to dismiss the charge of possession of a firearm by a felon, even though defendant contends there was insufficient evidence of defendant's constructive possession of the handgun, because the State presented sufficient evidence tending to show that: (1) the handgun was found wrapped in a man's jacket in the cargo area of a truck driven and owned by defendant; (2) defendant had exclusive control of the vehicle; (3) the cargo area of the vehicle

contained other objects owned by defendant; and (4) defendant stated everything in the cargo area belonged to him.

Appeal by defendant from judgments entered on or after 6 September 2007 by Judge James U. Downs in Buncombe County Superior Court. Heard in the Court of Appeals 21 May 2008.

*Attorney General Roy Cooper, by Special Deputy Attorney General Richard E. Slipsky, for the State.*

*Devereux & Banzhoff, P.L.L.C., by Andrew B. Banzhoff, for defendant-appellant.*

HUNTER, Judge.

Carlos Fitzgerald Smith ("defendant") appeals from judgments entered after: (1) a jury found him to be guilty of possession of a firearm by a felon pursuant to N.C. Gen. Stat. § 14-415.1 and (2) he pleaded guilty to habitual felon status pursuant to N.C. Gen. Stat. § 14-7.1. We affirm in part and hold there is no error in part.

## I. Background

On 13 January 2007, at approximately 1:50 a.m., Officer Nathan Anderson ("Officer Anderson") of the Asheville Police Department observed that "the registration plate on [a blue Ford F-150 pick-up truck] wasn't to the standards of North Carolina." Officer Anderson stopped the vehicle, approached the driver's side window, received defendant's license and registration, and returned to his cruiser to verify the information. After Officer Anderson reviewed defendant's documentation, he returned to defendant's vehicle and issued him a warning ticket for failing to display a proper registration tag. The tag was a temporary tag, issued by the State of Georgia. The warning ticket stated that defendant's tag was improper and that "he needed to get it taken care of as soon as he could."

Two additional officers arrived on the scene and Officer Anderson informed defendant that he had smelled an odor of marijuana coming from the vehicle. Officer Anderson requested and defendant denied consent to search defendant's vehicle. Officer Anderson informed defendant that probable cause existed to search his vehicle without consent. The other two officers conducted a search and recovered a handgun in the bed of defendant's vehicle. The bed was fitted with a lift-up cover. The officers did not locate any marijuana. At this point, defendant, who had prior felony convictions,

was arrested for possession of a firearm by a convicted felon. Defendant was indicted for possession of a firearm by a convicted felon and also for having attained habitual felon status.

At a 4 September 2007 suppression hearing, defendant argued the initial stop of his vehicle was improper and all evidence obtained as a result of that stop should be suppressed. The trial court denied defendant's motion to suppress. On 6 September 2007, the jury found defendant to be guilty of possession of a firearm by a felon. Defendant pleaded guilty to attaining habitual felon status, reserving his right to appeal the underlying conviction. Defendant was sentenced to a minimum term of 70 and a maximum term of 183 months imprisonment. Defendant appeals.

## II. Issues

Defendant argues the trial court erred when it denied his motions to suppress and to dismiss.

## III. Motion to Suppress

[1] Defendant argues the trial court should have granted his motion to suppress evidence "obtained following an unlawful stop of . . . defendant's vehicle." We disagree.

### A. Standard of Review

The trial court's findings of fact regarding a motion to suppress are conclusive and binding on appeal if supported by competent evidence. This Court determines if the trial court's findings of fact support its conclusions of law. Our review of a trial court's conclusions of law on a motion to suppress is *de novo*.

*State v. Edwards*, 185 N.C. App. 701, 702, 649 S.E.2d 646, 648 (internal citations and quotation omitted), *disc. rev. denied*, 362 N.C. 89, 656 S.E.2d 281 (2007).

### B. Validity of the Traffic Stop

Defendant argues the validity of Officer Anderson's traffic stop is governed by a probable cause standard. Recently however, our Supreme Court, in *State v. Styles*, held that "reasonable suspicion is the necessary standard for traffic stops, regardless of whether the traffic violation was readily observed or merely suspected." 362 N.C. 412, 415, —— S.E.2d ——, —— (2008) (citations and footnote omitted). Our Supreme Court stated:

STATE v. SMITH

[192 N.C. App. 690 (2008)]

The Fourth Amendment protects individuals against unreasonable searches and seizures and the North Carolina Constitution provides similar protection. A traffic stop is a seizure even though the purpose of the stop is limited and the resulting detention quite brief. Traffic stops have been historically reviewed under the investigatory detention framework first articulated in *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). Under *Terry* and subsequent cases, a traffic stop is permitted if the officer has a reasonable, articulable suspicion that criminal activity is afoot.

Reasonable suspicion is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence. The standard is satisfied by some minimal level of objective justification. This Court requires that the stop be based on specific and articulable facts, as well as the rational inferences from those facts, as viewed through the eyes of a reasonable, cautious officer, guided by his experience and training. Moreover, a court must consider the totality of the circumstances—the whole picture in determining whether a reasonable suspicion exists.

*Id.* at 414, —— S.E.2d at —— (internal citations and quotations omitted).

To determine whether Officer Anderson had a reasonable suspicion to stop defendant, this Court must review the alleged violations of North Carolina traffic laws. N.C. Gen. Stat. § 20-50(a) (2007) requires "[a] vehicle intended to be operated upon any highway of this State [to] be registered with the Division [of Motor Vehicles of the Department of Transportation] . . . ." N.C. Gen. Stat. § 20-79.1(e) (2007) requires the face of a temporary registration plate to state "clearly and indelibly . . .[:] (1) [t]he dates of issuance and expiration; (2) [t]he make, motor number, and serial numbers of the vehicle; and (3) [a]ny other information that the Division may require." A violation of either N.C. Gen. Stat. § 20-50 or N.C. Gen. Stat. § 20-79.1 is a misdemeanor offense. N.C. Gen. Stat. § 20-176(a) (2007).

Here, the objective facts establish: (1) it was 1:50 a.m. and dark when Officer Anderson noticed defendant's "registration tag[;]" (2) defendant's registration tag "was just a piece of paper with 'February '07' written on it[;]" and (3) the tag "wasn't a piece of cardboard that North Carolina [automobile] dealers normally hand out when a vehicle is purchased[.]" Based on the objective facts and the "totality of

the circumstances[,]" Officer Anderson possessed reasonable suspicion to believe that defendant was operating his vehicle with an improper registration tag. *Styles*, 362 N.C. at 414, —— S.E.2d at ——; *see also United States v. Chanthasouxat*, 342 F.3d 1271, 1276 (11th Cir. 2003) ("A traffic stop based on an officer's incorrect but reasonable assessment of facts does not violate the Fourth Amendment." (Citations omitted)).

## C. Validity of Search

Having determined that Officer Anderson's traffic stop was justified, we must determine whether the warrantless search of defendant's vehicle after the stop was supported by probable cause.

When an officer detects the odor of marijuana emanating from a vehicle, probable cause exists for a warrantless search of the vehicle for marijuana. *See State v. Greenwood*, 301 N.C. 705, 708, 273 S.E.2d 438, 441 (1981) ("[The Court of Appeals] correctly concluded that the smell of marijuana gave the officer probable cause to search the automobile for the contraband drug.").

Here, Officer Anderson testified that "[w]hen I made my initial approach to the vehicle I got an odor of marijuana coming from the interior of the vehicle." Based on our Supreme Court's holding in *Greenwood*, once Officer Anderson detected the "odor of marijuana" as he approached defendant's vehicle, probable cause existed for Officer Anderson and the other officers to conduct a warrantless search of defendant's vehicle. 301 N.C. at 708, 273 S.E.2d at 441. The trial court properly denied defendant's motion to suppress.

## IV. Motion to Dismiss

[2] Defendant argues the trial court erred when it failed to grant defendant's motion to dismiss "where the State failed to present substantial evidence of . . . defendant's constructive possession[]" of the handgun. We disagree.

## A. Standard of Review

The standard for ruling on a motion to dismiss is whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense. Substantial evidence is relevant evidence which a reasonable mind might accept as adequate to support a conclusion. In ruling on a motion to dismiss, the trial court must consider all of the evidence in the light most favorable to the State, and the State is

entitled to all reasonable inferences which may be drawn from the evidence. Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal.

*State v. Wood*, 174 N.C. App. 790, 795, 622 S.E.2d 120, 123 (2005) (internal citations and quotations omitted).

## B. Analysis

"Possession may either be actual or constructive. When the defendant, while not having actual possession, . . . has the intent and capability to maintain control and dominion over the property, he has constructive possession of the item." *State v. Glasco*, 160 N.C. App. 150, 156, 585 S.E.2d 257, 262 (internal quotation omitted), *disc. rev. denied*, 357 N.C. 580, 589 S.E.2d 356 (2003). "This Court has previously emphasized that constructive possession depends on the totality of the circumstances in each case. No single factor controls, but ordinarily the questions will be for the jury." *Id.* at 156-57, 585 S.E.2d at 262 (citations and quotations omitted).

"As with other questions of intent, proof of constructive possession usually involves proof by circumstantial evidence." *State v. Beaver*, 317 N.C. 643, 648, 346 S.E.2d 476, 479 (1986). In testing the sufficiency of the evidence, the test to be used "is the same whether the evidence is direct, circumstantial or both." *State v. Earnhardt*, 307 N.C. 62, 68, 296 S.E.2d 649, 653 (1982). Evidence favorable to the State is to be considered as a whole in determining its sufficiency. *State v. Powell*, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980).

Here, the State presented evidence which tended to show: (1) defendant was the owner and driver of the vehicle; (2) defendant had exclusive control of the vehicle; (3) the cargo area of the vehicle contained other objects owned by defendant; (4) defendant stated everything in the cargo area belonged to him; and (5) the handgun was found in the cargo area wrapped in a man's jacket.

The State presented sufficient evidence for the jury to determine whether defendant possessed the handgun. *Wood*, 174 N.C. App. at 795, 622 S.E.2d at 123. The trial court properly denied defendant's motion to dismiss. *Id.* This assignment of error is overruled.

## V. Conclusion

Based on the "totality of the circumstances[,]" Officer Anderson possessed "a reasonable, articulable suspicion that" defendant was

IN RE SCHIPHOF

[192 N.C. App. 696 (2008)]

operating his vehicle with an improper registration tag. *Styles*, 362 N.C. at 414, —— S.E.2d at ——. Officer Anderson's traffic stop was justified and the seizure of the handgun discovered during the search was lawful. *Id.* Competent evidence supports the trial court's findings of fact, which support its conclusions of law. *Edwards*, 185 N.C. App. at 702, 649 S.E.2d at 648. The trial court's denial of defendant's motion to suppress is affirmed.

The State presented sufficient evidence for the jury to determine whether defendant had actual or constructive possession of the handgun found in the cargo area of defendant's vehicle. The trial court properly denied defendant's motion to dismiss. Defendant received a fair trial, free from prejudicial errors he preserved, assigned, and argued. We hold there is no error in the jury's verdict or the judgment entered thereon.

Affirmed in part and no error in part.

Judges TYSON and JACKSON concur.