An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-793

Filed 6 May 2026

Cherokee County, No. 23CR319419-190

STATE OF NORTH CAROLINA

v.

JOSEPH LEE RAMEY

Appeal by Defendant from order entered 26 August 2024 and judgments entered 29 August 2024 by Judge Tessa S. Sellers in Cherokee County Superior Court. Heard in the Court of Appeals 22 April 2026.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Alan D. McInnes, for the State-Appellee*
>
> *Lebedev Law Services, by Anton M. Lebedev, for Defendant-Appellant.*

COLLINS, Judge.

Defendant Joseph Lee Ramey appeals from an oral order denying his motion to suppress and judgments entered upon a jury's guilty verdicts of possession with intent to manufacture, sell, or deliver methamphetamine; misdemeanor keeping or maintaining a vehicle for controlled substances; and possession of drug paraphernalia. Defendant argues that the trial court committed plain error by

denying his motion to suppress and erred by sentencing him for felony, rather than misdemeanor, keeping or maintaining a vehicle for the purpose of controlled substances.

Because competent evidence supports the trial court's conclusion that the officer had probable cause to search Defendant's truck, we affirm the denial of the motion to suppress. The parties concede that the trial court erred by sentencing Defendant for feloniously keeping or maintaining a vehicle for controlled substances rather than the misdemeanor offense. Accordingly, we vacate Defendant's sentence for feloniously keeping or maintaining a vehicle for controlled substances and remand for resentencing for the misdemeanor offense.

## I. Background

Defendant was indicted for various crimes as a result of items found during a search of his truck. Prior to trial, Defendant moved to suppress all evidence seized as a result of the search, arguing that law enforcement lacked probable cause to search. A suppression hearing was held where Cherokee County Sheriff's Deputy Jake Stoddard, the sole witness, testified to the following:

Stoddard ran Defendant's information and learned that he had an outstanding warrant from Tennessee for possession of controlled substances. Stoddard saw Defendant later that evening pulling into a gas station. Stoddard pulled in behind him to try to effect the arrest for the outstanding warrant. Defendant "exited his vehicle and quickly attempted to walk over to the store." Stoddard called Defendant

back to his truck to detain him for the outstanding warrant. Before detaining him, Stoddard saw Defendant throw an object into his truck's driver side window, and he noticed "a strong odor of marijuana emanating from the passenger compartment of" Defendant's truck. Throughout the encounter, Defendant frantically attempted to find someone to pick up his truck and take it elsewhere. Stoddard searched Defendant's truck after detaining him.

Defendant introduced footage of the encounter from Stoddard's body camera at the suppression hearing. The footage tended to show Defendant's driver side window was closed throughout the encounter.

The trial court orally denied Defendant's motion to suppress The jury convicted Defendant of possession with intent to manufacture, sell, or deliver methamphetamine; misdemeanor keeping or maintaining a vehicle for controlled substances; and possession of drug paraphernalia. The trial court sentenced Defendant to six to seventeen months' active imprisonment for possession with intent to manufacture, sell, or deliver methamphetamine, and six to seventeen months' intermediate suspended imprisonment for the combined convictions of feloniously maintaining a vehicle for the purpose of controlled substances and possession of drug paraphernalia. Defendant timely appealed.

## II. Discussion

### A. Motion to Suppress

Defendant first argues that the trial court committed plain error by denying

his motion to suppress because Stoddard did not have probable cause to search Defendant's truck. Defendant also argues that the trial court committed plain error by failing to make statutorily-required findings when denying his motion to suppress. Alternatively, Defendant argues he received ineffective assistance of counsel when counsel failed to renew her objection at trial to evidence challenged in the motion to suppress. We find no error, much less plain error, and no ineffective assistance of counsel.

### 1. *Plain error*

#### a. *Standard of Review*

"[A]n issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C. R. App. P. 10(a)(4). Plain error arises when an error is "so basic, so prejudicial, so lacking in its elements that justice cannot have been done[.]" *State v. Odom,* 307 N.C. 655, 660 (1983) (citation omitted). To establish plain error, "a defendant must establish prejudice – that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty." *State v. Lawrence,* 365 N.C. 506, 518 (2012) (quotation marks and citations omitted).

When reviewing a ruling on a motion to suppress, we analyze "whether the trial court's findings of fact are supported by the evidence and whether the findings

of fact support the conclusions of law." *State v. Johnson,* 288 N.C. App. 441, 447 (2023) (citation omitted). Conclusions of law are reviewed de novo. *Id.*

### b. *Probable Cause*

Defendant argues that the trial court erred by denying his motion to suppress because the smell of marijuana alone is not sufficient to support a probable cause determination due to the passage of the Industrial Hemp Act and resulting legalization of hemp in North Carolina, which has an indistinguishable smell from marijuana.

"When seeking to admit evidence discovered by way of a warrantless search in a criminal prosecution, the State bears the burden of establishing that the search falls under an exception to the warrant requirement." *State v. Terrell,* 372 N.C. 657, 665 (2019) (quotation marks and citation omitted). Under the automobile exception, "[a] search of a motor vehicle which is on a public roadway or in a public vehicular area is not in violation of the [F]ourth [A]mendment if it is based on probable cause, even though a warrant has not been obtained." *State v. Isleib,* 319 N.C. 634, 638 (1987). An "officer in the exercise of his duties may search an automobile without a search warrant when the existing facts and circumstances are sufficient to support a reasonable belief that the automobile carries contraband materials." *State v. Degraphenreed,* 261 N.C. App. 235, 241 (2018) (citation omitted).

"This court has repeatedly held '[w]hen an officer detects the odor of marijuana emanating from a vehicle, probable cause exists for a warrantless search of the

vehicle for marijuana.'" *State v. Schiene,* 296 N.C. App. 126, 133 (2024) (quoting *State v. Smith,* 192 N.C. App. 690, 694 (2008)), *disc. rev. allowed,* 387 N.C. 422 (2025). "The passage of the Industrial Hemp Act, in and of itself, did not modify the State's burden of proof at the various stages of our criminal proceedings." *State v. Teague,* 286 N.C. App. 160, 179 (2022).

We have repeatedly applied precedent established before the legalization of hemp, even while acknowledging the difficulties in distinguishing hemp and marijuana's scent. *See Schiene*, 296 N.C. App. at 131-34 (holding an officer had probable cause to search the defendant's vehicle where he had undergone drug identification training, smelled marijuana when approaching the vehicle and after its window was rolled down, and the vehicle was parked in a manner that could indicate illegal activity); *State v. Rowdy,* 296 N.C. App. 272, 283-84 (2024) (holding an officer had probable cause to search the defendant's vehicle where he knew the defendant had a record of narcotics offenses, had undergone drug identification training, smelled marijuana emanating from the vehicle, and found a "blunt" on the defendant's person), *disc. rev. allowed,* 387 N.C. 421 (2025); *State v. Dobson,* 293 N.C. App. 450, 453 (2024) (holding an officer had probable cause to search the defendant's vehicle where he detected the odor of marijuana plus a cover scent), *disc. rev. allowed,* 387 N.C. 420 (2025). "Despite the alleged, indistinguishable similarities between illegal marijuana and legal hemp, the odor or smell of marijuana would warrant a man of reasonable caution to believe that the substance is of an incriminating

nature." *Rowdy,* 296 N.C. App. at 283 (quotation marks omitted).

Here, Stoddard testified that his warrantless search of Defendant's vehicle was based on "the outstanding warrant for [Defendant's] arrest for possession of controlled substances[,]" "the odor of marijuana emanating from the vehicle[,]" and Defendant's "frantic behavior." As in *Schiene,* Stoddard had probable cause to search Defendant's vehicle under the automobile exception based on the totality of the circumstances.

### c. Written Findings of Fact

Defendant argues that the trial court plainly erred when denying his motion to suppress by failing to make written findings of fact resolving whether Defendant threw an object into his truck's driver side window while being detained.

In determining whether evidence should be suppressed, the trial court "shall make findings of fact and conclusions of law which shall be included in the record[.]" N.C. Gen. Stat. § 15A-974(b) (2024). However, "[a] written determination setting forth the findings and conclusions is not necessary, but it is the better practice." *State v. Bartlett,* 368 N.C. 309, 312 (2015). "[O]nly a material conflict in the evidence – one that potentially affects the outcome of the suppression motion – must be resolved by explicit factual findings that show the basis for the trial court's ruling." *Id.*

Here, Stoddard had probable cause to search Defendant's vehicle based on the odor of marijuana "emanating from the passenger compartment of" Defendant's truck. While there is a conflict in evidence between Stoddard's testimony that

Defendant threw an object into the driver side window of his truck and the body-camera footage produced by Defendant that appears to show that window was closed at the relevant time, this conflict in evidence is not material. Whether Defendant threw an object into his truck's window would not affect the denial of his suppression motion. Thus, we find no error, much less plain error.

## 2. *Ineffective Assistance of Counsel*

In light of our above conclusions, Defendant's argument that he received ineffective assistance of counsel because his counsel failed to renew her objection to evidence resulting from the search of Defendant's truck when it was introduced at trial lacks merit. *See State v. Braswell,* 312 N.C. 553, 562 (1985) (ineffective assistance of counsel claims require showing that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable").

## B. Keeping or Maintaining a Vehicle for Controlled Substances

Defendant next argues, and the State concedes, that the trial court erred by sentencing him for feloniously keeping or maintaining a vehicle for controlled substances where he was convicted for the misdemeanor offense. We thus vacate Defendant's sentence for feloniously keeping or maintaining a vehicle for controlled substances and remand for resentencing for the misdemeanor offense.

### III.     Conclusion

For the foregoing reasons, we affirm the trial court's denial of Defendant's motion to suppress and discern no error in the jury's verdicts.  We vacate Defendant's sentence for feloniously keeping or maintaining a vehicle for controlled substances and remand for resentencing for the misdemeanor offense.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.

Judges TYSON and GORE concur.

Report per Rule 30(e).