STATE OF NORTH CAROLINA v. ROOSEVELT EDWARDS

STATE OF NORTH CAROLINA v. ERMA COOPER JONES

No. 867SC909

(Filed 7 April 1987)

**1. Searches and Seizures § 24— search warrant—probable cause for issuance—in- formation from informant**

There was sufficient probable cause for the issuance of a search warrant where the affidavit of the officer who applied for the warrant contained sworn statements that a confidential informant had personal knowledge that mari- juana was being sold out of defendants' residence and that this informant had given reliable information in the past, leading to at least five drug related con- victions, and the affidavit also stated that a controlled buy of marijuana had been made at defendants' residence.

**2. Searches and Seizures § 39— scope of search warrant—search of bedroom proper**

Officers did not exceed the scope of a search warrant which authorized a search of defendants' "premises, vehicle, (and) person . . ." when officers searched defendants' bedroom and seized marijuana, scales, and plastic bags found there.

**3. Searches and Seizures § 41— search under warrant—knock by officers**

Where defendants' own evidence substantiated that police knocked before entering defendants' premises, there was no merit to defendants' contention that the warrant was improperly served and evidence seized under the war- rant should have been suppressed.

**4. Criminal Law § 99.4— "hurry-and-wait" case—no expression of opinion by court**

The trial court did not improperly express an opinion by explaining why the jury was being sent out of the courtroom after a defense objection, apolo- gizing for the delay, and saying that this case was one of "hurry-and-wait."

**5. Criminal Law § 51.1— expert testimony—witness properly qualified**

The trial court did not err in allowing a witness for the State to testify as an expert and to identify the substance seized at defendants' residence as mar- ijuana where the witness had a bachelor's degree in chemistry, worked in the chemical analysis laboratory of the SBI for three years, and completed special- ized training courses in chemical analysis.

**6. Narcotics § 4— felonious possession of marijuana—sufficiency of evidence**

Evidence was sufficient to be submitted to the jury in a prosecution for felonious possession of marijuana where it tended to show that marijuana was found in the bedroom of a house belonging to defendants; only defendants and two small children were present in the house; and the marijuana found there weighed 193 grams or just under seven ounces.

APPEAL by defendants from *Wright, Judge.* Judgments entered 28 February 1986 in Superior Court, NASH County. Heard in the Court of Appeals 10 February 1987.

Defendants were each indicted on the charge of felonious possession of marijuana. Both made motions to suppress evidence seized during a search of their home conducted pursuant to a search warrant. The evidence seized consisted of approximately seven ounces of marijuana, a set of scales, plastic "baggies" and over $2,000 in cash. The defendants' motions were denied and both were found guilty by the jury. Defendant Roosevelt Edwards was sentenced to five years imprisonment, while defendant Erma Jones received a two-year suspended sentence and five years probation. Defendants appeal.

*Attorney General Lacy H. Thornburg by Assistant Attorney General Edmond W. Caldwell, Jr., for the State.*

*Floyd B. McKissick, Sr., and Earl Whitted, Jr., for defendants-appellants.*

PARKER, Judge.

Defendants first assign error to the denial of their motions to suppress evidence seized from their home on 10 January 1985. The items were seized pursuant to a search warrant issued by a Nash County magistrate. The grounds for defendants' motions were: (i) that there was not sufficient probable cause for the warrant to be issued; (ii) that the actual search exceeded the scope authorized by the warrant; and (iii) that the warrant was served in an improper manner.

The trial court conducted a hearing on the motions to suppress pursuant to G.S. 15A-977. At the conclusion of this hearing, the motions were denied. Defendants argue in their brief that the trial court erred in failing to make findings of fact and conclusions of law on the record in ruling on the motions. *See* G.S. 15A-977(f). We note at the outset that defendants elected to use a narrative of the evidence pursuant to N.C. Rule App. Proc. 9(c)(1) rather than a verbatim transcript of the proceedings. Accordingly, this Court cannot determine whether the trial judge made findings of fact from the bench. Furthermore, the record before us does not contain the trial court's denial of the motions and nothing in the

record indicates that defendants objected at trial to the trial judge's failure to make findings.

[1]   A review of the record does disclose, however, that the search warrant was properly issued and served. The affidavit of the officer who applied for the search warrant contained sworn statements that a confidential informant had personal knowledge that marijuana was being sold out of defendants' residence and that this informant had given reliable information in the past, leading to at least five drug-related convictions. The affidavit also stated that a controlled buy of marijuana had been made at defendants' residence. This information is clearly sufficient to find the existence of probable cause to search defendants' residence.

[2]   The record also shows that the officers did not exceed the scope of the search authorized by the warrant in conducting their search of defendants' residence. The warrant authorized a search of defendants' "premises, vehicle, [and] person . . . ." The marijuana was seen on a table in defendants' bedroom. The scales and plastic bags were also on this table. A search of defendants' bedroom was authorized by the warrant.

[3]   Defendants' final contention in their motions to suppress was that the warrant was improperly served, in violation of G.S. 15A-249, *et seq.* Defendant Jones testified on direct examination at the hearing that the officers simply broke down their door without warning, immediately arrested defendant Edwards, then searched the house while reading the warrant to Edwards who was handcuffed. However, defendant Jones testified on cross-examination that the police were banging on the door about five or ten minutes. Defendants also presented the testimony of two of their friends who were visiting them from Tarboro. One of these friends testified that they were outside defendants' house when the police arrived and that the police yanked open the storm door and smashed the wooden door in without knocking or announcing their presence. The other witness testified on direct examination that the police yanked open the storm door and pushed in the wooden door, but on cross-examination, this witness testified that the police banged on the door for about five minutes. Two of the officers involved in the search testified that they knocked on the door and announced their identity. The officers saw the wooden door move slightly, but it did not open. The officers, believing

their entry was being unreasonably delayed, pulled open the screen door and pushed open the already partly-open wooden door. This conflict in the evidence presented at the suppression hearing normally would require the trial court to find facts. *See* G.S. 15A-977(d). However, since defendants' own evidence substantiates that the police knocked before entering, and this is the only evidence in conflict, there is not, in our view, sufficient material conflict in the evidence to render the court's failure to find facts prejudicial error. Where there is no material conflict in the evidence, findings and conclusions are not necessary even though the better practice is to find facts. *State v. Phillips*, 300 N.C. 678, 268 S.E. 2d 452 (1980). Defendants' assignments of error based upon the denial of their motions to suppress are overruled.

[4] Defendants next assign error to statements made by the trial judge which, they allege, improperly expressed an opinion about the case. General Statute 15A-1222 prohibits a trial judge from expressing "any opinion in the presence of the jury on any question of fact to be decided by the jury." In this case, all but one of the statements defendants allege to be improper were made outside the presence of the jury and cannot be considered improper under this statute. The other statement by the trial court was not an opinion on an issue of fact to be decided by the jury. *See State v. Faircloth*, 297 N.C. 388, 255 S.E. 2d 366 (1979). The trial judge was explaining to the jury why they were being sent out of the courtroom after a defense objection. The trial judge then apologized for the delay, saying that this case was one of "hurry-and-wait." Defendants contend that this statement made by the trial judge belittled their case in the eyes of the jurors by making it seem like a waste of the court's time to deal with their objections. However, this comment alone is not a sufficient statement of an "opinion" by the trial judge for this Court to conclude that defendants were prejudiced.

Defendant Edwards also contends that the trial judge improperly expressed an opinion by ordering him held in custody during an overnight recess. This statement was also made outside the presence of the jury, but Edwards contends that the jury was prejudiced by seeing him escorted to and from the courtroom by a deputy sheriff. The trial court has the authority to modify a defendant's pre-trial release order, order a defendant held in custody during the trial and may even order a defendant shackled in

the courtroom. *State v. Perry*, 316 N.C. 87, 340 S.E. 2d 450 (1986). Again, since defendants elected to utilize a narrative of the proceeding, we cannot determine what prompted the court to hold defendant Edwards in custody. Further, nothing is in the record concerning the terms of Edwards' pre-trial release. Thus, we are unable to determine if the court was even changing Edwards' custody status in ordering Edwards held. The preparation of the record on appeal is the responsibility of the appellant, *State v. Atkinson*, 275 N.C. 288, 167 S.E. 2d 241 (1969), *rev'd on other grounds*, 403 U.S. 948, 91 S.Ct. 2283, 29 L.Ed. 2d 859 (1971), and when an item germane to the determination of an assignment of error is not contained in the record, then the assignment of error should be overruled. *State v. Milby*, 302 N.C. 137, 273 S.E. 2d 716 (1981). Defendant Edwards has failed to demonstrate any prejudice resulting from the actions of the trial judge, and the assignment of error is overruled.

[5] Defendants next assign as error the ruling by the trial court allowing a witness for the state to testify as an expert and to identify the substance seized at defendants' residence as marijuana. The witness gave her qualifications as having a bachelor's degree in chemistry, having worked in the chemical analysis laboratory of the State Bureau of Investigation for three years and having completed specialized training courses in chemical analysis. The trial judge is afforded wide latitude in making the discretionary determination concerning the admissibility of expert testimony, and the finding that the witness possesses the requisite skill and knowledge will not be reversed on appeal unless there is no evidence to support it. *State v. Bullard*, 312 N.C. 129, 322 S.E. 2d 370 (1984). Here, the evidence was sufficient to support the finding by the trial court that the witness was qualified to express an opinion on the identification of the "green vegetable matter" seized at defendants' home. The assignment of error is overruled. Defendants also put forward two other assignments of error based upon this same argument concerning exhibits admitted through the expert witness. These too are overruled.

[6] Defendants' next assignment of error is that the trial court erred in denying their motions to dismiss the case against them at the close of the evidence. The evidence, viewed in the light most favorable to the state, is sufficient to establish that marijuana was found in the bedroom of a house belonging to defend-

ants; that only the defendants and two small children were present in the house; and that the marijuana found there weighed 193 grams, or slightly under seven ounces. This is sufficient to establish each of the elements of felonious possession of marijuana; that is: (i) knowing (ii) possession (iii) of over one and one-half ounces (iv) of marijuana. G.S. 90-95(a)(3), (d)(4). The assignment of error is overruled.

Defendants' final assignments of error relate to the jury instructions. However, from the record we have before us, it appears that defendants combed the transcript and noted their exceptions. There is no indication that defendants objected to any of the instructions given or that any proposed instructions were submitted and rejected. We conclude, therefore, that the assignments of error based upon the jury charge are not properly preserved for review. *See* N.C. Rule App. Proc. 10(b)(2); *State v. Fennell*, 307 N.C. 258, 297 S.E. 2d 393 (1982).

After careful consideration of the record and briefs, we conclude defendants received a fair trial free from prejudicial error.

No error.

Judges MARTIN and COZORT concur.