State v. King

STATE OF NORTH CAROLINA v. IDELLA KING, IZELLA KING, DEFENDANTS

No. 8826SC258

(Filed 15 November 1988)

1. Searches and Seizures § 24— search warrant—confidential informant—suffi-
ciency of affidavit

An affidavit contained sufficient information for a magistrate to find prob-
able cause to issue a search warrant where it stated that a confidential inform-
ant had been to defendants' residence within the past forty-eight hours and
had personally observed a named person who resided there in possession of co-
caine, that the informant was familiar with the appearance of cocaine prepared
for sale, and that the informant was known to the affiants for periods of six
months to one and one-half years and had provided reliable information which
resulted in numerous drug arrests.

2. Searches and Seizures § 44— affidavit for search warrant—unlawfully obtained
information—remand for determination

Defendants' motion to suppress evidence is remanded to the trial court for
a determination of whether information used to establish probable cause for is-
suance of a search warrant was unlawfully obtained where defendants contend-
ed in their motion to suppress that the State's informant may have acquired
information used to secure the warrant in a break-in of their residence while
he was acting as the State's agent and asked that the identity of the informant
be revealed, the trial judge deferred a ruling on this request until he could
conduct an in-camera examination of the informant, this examination was
never conducted, and it cannot be determined from the record whether the in-
formant legally obtained the information which he gave to the affiants.

APPEAL by the State from *Sherrill (W. Terry), Judge.* Order
entered 11 November 1987 in Superior Court, MECKLENBURG
County. Heard in the Court of Appeals 28 September 1988.

Defendants were indicted for the felonious possession of co-
caine, a violation of G.S. 90-95(h). Defendants subsequently filed a
motion to suppress evidence seized at their residence pursuant to
the execution of a search warrant. The search warrant was issued
on information provided by a confidential informant. Defendants
contended that (1) the application for the search warrant failed to
establish probable cause; (2) an *in camera* examination of the in-
formant should be conducted to determine if the information con-
tained in the application was true; (3) the informant was paid by
the State and gained his information by virtue of an illegal break-
in at defendants' residence; and (4) the informant's identity should
be revealed because the informant is an essential witness in de-

fendants' cases. At the 21 October 1987 hearing on the motion to suppress, evidence was received which showed that defendants reported to police a break-in at their residence within the 48-hour period immediately preceding the issuance and execution of the search warrant. This break-in occurred during the same period of time in which the State's confidential informant allegedly observed the cocaine in defendants' house. The trial court deferred ruling on defendants' motion until an *in camera* examination of the informant could be conducted. For reasons not revealed by the record, this examination was never held. On 11 November 1987, the trial court granted defendants' motion to suppress concluding that the search warrant was invalid in that the application was insufficient to establish probable cause and that the "good faith" exception to the exclusionary rule did not apply. The State appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General John H. Watters, for the State.*

*Goodman, Carr, Nixon & Laughrun, by Theo X. Nixon, for defendants-appellees.*

SMITH, Judge.

The record on appeal reveals that on 30 June 1987, officers Kearney, Hazelton and Sennett of the Charlotte Police Department obtained a warrant to search defendants' residence at 1509 Luther Street and any occupant at the residence including Bo King, defendants' brother and a suspected drug dealer. The affidavit accompanying the application stated:

> We, Officers C. B. Kearney, G. P. Sennett and T. R. Hazelton, have received information from a confidential and reliable informant that B/M, Bo King, is residing at 1509 Luther Street and is possessing cocaine for the purpose of sale at 1509 Luther Street. This informant has been to 1509 Luther Street within the past 48 hours and has observed Bo King possessing cocaine. This informant is familiar with cocaine and how it is packaged for street use. These affiants have known this informant for approximately 1½ years and 6 months, respectively and during this time this informant's information has led to the arrests and convictions of many people for violations of the North Carolina Controlled Sub-

stances Act. Based on the information contained in this application we request a search warrant be issued for 1509 Luther Street, Charlotte, North Carolina, Mecklenburg County, USA.; and a black male, Bo King, and any other occupants.

After receiving sworn testimony from the officers that the information in the affidavit was true, the magistrate issued the warrant. The officers executed the warrant on 30 June 1987. Defendants were present at the residence during the search. The officers seized approximately 84 grams of a white powdery substance later identified as cocaine, currency and drug paraphernalia. Defendants were arrested. Bo King was not at the residence during the search although officers found letters addressed to him bearing the Luther Street address.

The State brings forward as its sole assignment of error the trial court's order granting defendants' motion to suppress evidence seized pursuant to the warrant. Specifically, the State contends that the facts set forth in the affidavit support a finding of probable cause and alternatively that the items seized are admissible under the "good faith" exception to the exclusionary rule.

An application for a search warrant must be made in writing under oath or affirmation and contain, in part, the following information:

> (2) A statement that there is probable cause to believe that items subject to seizure . . . may be found in or upon a designated or described place, vehicle or person; and
>
> (3) Allegations of fact supporting the statement. The statements must be supported by one or more affidavits particularly setting forth the facts and circumstances establishing probable cause to believe that the items are in the places or in the possession of the individuals to be searched.

G.S. 15A-244. To establish probable cause, an affidavit for a search warrant must set forth such facts that "a reasonably discreet and prudent person would rely upon . . . before they will be held to provide probable cause justifying the issuance of a search warrant." *State v. Arrington*, 311 N.C. 633, 636, 319 S.E. 2d 254, 256 (1984). "[An] affidavit is sufficient if it supplies

reasonable cause to believe that the proposed search for evidence probably will reveal the presence upon the described premises of the items sought and that those items will aid in the apprehension or conviction of the offender." *Id.*

To determine whether a warrant is based on probable cause, our Supreme Court, in *State v. Arrington, supra,* adopted the "totality of the circumstances" test set forth in *Illinois v. Gates,* 462 U.S. 213, 76 L.Ed. 2d 527, 103 S.Ct. 2317, *reh'g denied,* 463 U.S. 1237, 77 L.Ed. 2d 1453, 104 S.Ct. 33 (1983). In *Gates,* the Court stated:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Id.* at 238, 76 L.Ed. 2d at 548, 103 S.Ct. at 2332.

[1] Defendants contend and the lower court found that the affidavit lacked sufficient details to support the informant's credibility, general knowledge of drugs or specific knowledge about the drugs involved in this case. We do not agree. An affidavit for a search warrant need only provide the magistrate with a reasonable basis to believe that the proposed search would reveal the presence of the items sought in the place named. *See Arrington, supra.* The affidavit here contains information that establishes that the informant had been to defendants' residence within 48 hours before the application for the warrant was presented to the magistrate and had personally observed Bo King in possession of cocaine. The affidavit further reveals that the informant was familiar with the appearance of cocaine prepared for sale. Additionally, the informant was known to the affiants for a period of six months to one and one-half years and had provided reliable information which had resulted in numerous drug arrests. "If [an] informant had stated to the affiant that recently he *personally had seen* the [drugs] in defendant's possession at his residence, the affidavit would clearly suffice." *State v. Whitely,* 58 N.C. App. 539, 543, 293 S.E. 2d 838, 841, *review denied, appeal dismissed,* 306 N.C. 750, 295 S.E. 2d 763 (1982) (emphasis original). Further, our Supreme Court has held that a statement that an informant

had previously provided information which led to arrests was sufficient to show reliability. *State v. Hayes*, 291 N.C. 293, 230 S.E. 2d 146 (1976). We conclude that the affidavit in this case contains sufficient information for a magistrate to find probable cause to issue a search warrant. *See State v. Graham*, 90 N.C. App. 564, 369 S.E. 2d 615 (1988) (affidavit establishing that informant had seen cocaine in defendant's house within past 48 hours, was familiar with cocaine packaged for sale, had provided information in the past resulting in arrests, had used cocaine before and had known applicant for three weeks found sufficient to show probable cause for search warrant); *State v. White*, 87 N.C. App. 311, 361 S.E. 2d 301 (1987), *aff'd in part, vacated in part, rev'd in part*, 322 N.C. 770, 370 S.E. 2d 390 (1988) (affidavit establishing that informant had first-hand knowledge of the presence of contraband in defendant's home and that the information implicated the informant found sufficient to show probable cause for search warrants); *State v. Edwards and State v. Jones*, 85 N.C. App. 145, 354 S.E. 2d 344, *cert. denied*, 320 N.C. 172, 358 S.E. 2d 58 (1987) (affidavit establishing that informant had personal knowledge of marijuana being sold from defendant's residence, had made drug buys from defendant's residence and had provided information in the past leading to five drug-related arrests held sufficient to show probable cause for search warrant); *State v. Walker*, 70 N.C. App. 403, 320 S.E. 2d 31 (1984) (affidavit establishing that informant saw marijuana in defendant's house within past 48 hours, had previously made police-supervised drug buys, had known affiant for five months and had provided reliable information about drug dealers in the past held sufficient to show probable cause for search warrant).

[2]   While we hold that there was probable cause to issue the search warrant, we are unable to determine from the record whether the court erred in granting defendants' motion to suppress. Defendants contended in their motion and at the suppression hearing that the State's informant may have been connected to the break-in at defendants' residence and requested that the State be required to reveal the identity of the informant. This break-in occurred within the 48-hour period immediately prior to the issuance and execution of the search warrant and was within the time the informant allegedly observed the drugs in defendants' home. Defendants further alleged that the State's informant

was paid and was thus acting as an agent of the State. Defendants argued that if the information provided by the informant was obtained as a result of an illegal entry into defendants' house, the evidence seized pursuant to the warrant would be inadmissible at trial. At the conclusion of the suppression hearing the trial judge deferred ruling on the motion until he could conduct an *in camera* examination of the informant. This examination was never conducted. This court is unable to determine from the record whether the information furnished by the informant and used to establish probable cause for the issuance of the search warrant was lawfully obtained and whether the evidence seized pursuant to the search warrant is admissible. We remand this case to the trial court to determine whether the informant's information was lawfully obtained and whether the evidence seized is otherwise admissible. *See State v. Booker,* 306 N.C. 302, 293 S.E. 2d 78 (1982).

Based on the foregoing, this case is

Reversed in part and remanded.

Judges ORR and GREENE concur.