WYNN, Judge.
Defendant William Shane Ninan appeals from convictions following a jury trial of two counts of possession of marijuana with intent to sell and deliver and single counts of delivery of marijuana and trafficking in methylenedioxymethamphetamine ("MDMA"). Defendant contends the trial court erred by (I) denying a motion to exclude evidence seized subsequent to an illegal stop, a warrantless search of Defendant and a warranted search of his home premises, and (II) overruling his objection to admission of State's Exhibits 1, a blue jacket, and 2, a marijuana brick. We find no error by the trial court.
The State's evidence at trial tended to show as follows: onthe afternoon of 13 February 2002, Charlotte Mecklenburg Police Officer Steve Whitesel observed a white Cadillac-brand automobile in the police department parking lot from his vantage point at a second-story window in the police department. Defendant was seated in the driver's seat of the vehicle. A burgundy Mazda-brand automobile pulled up and parked next to the Cadillac. The Mazda's driver, Joshua McCory, exited his vehicle and conversed with Defendant, who remained seated. McCory's passenger, Gary Martin, exited the Mazda and sat down in the Cadillac's front passenger seat. Defendant reached behind the passenger's seat and produced a white, brick-shaped package, which he handed to Martin. Martin retrieved cash from his pocket and gave it to Defendant, who put the money in his left front pants' pocket. Martin wrapped the package in a blue jacket. After shaking hands with Defendant, Martin exited the Cadillac and placed the jacket-covered package in the trunk of the Mazda. While the transaction was taking place, the previously amiable McCory became "very stiff" and was "scanning back and forth . . . looking everywhere but up at [Officer Whitesel]."
Believing he had witnessed a drug deal, Officer Whitesel alerted two colleagues. The three officers ran down to the parking lot where they were joined by two additional officers. When Officer Whitesel yelled, "Stop. Police[,]" Martin jumped into the Mazda and began reaching under the front passenger's seat. McCory attempted to get into the Mazda's driver's seat, but had difficulty opening the door because of its proximity to the Cadillac. Defendant remained seated in the Cadillac. The officers drew their sidearms and ordered the parties to show their hands. Pat-down searches of the three men revealed no weapons.
Upon inquiry, Defendant identified himself as the owner of the Cadillac, and McCory stated that the Mazda belonged to his mother. Officer Whitesel obtained Defendant's consent to search the Cadillac and McCory's consent to search the Mazda. In the trunk of the Mazda, the officers found a blue jacket and a white fast-food bag containing a brick-like object covered in plastic wrap, consistent with Officer Whitesel's earlier observations. Unwrapping the object, the officers discovered a "vacuum sealed package of a green vegetable like substance" later confirmed to be 230.36 grams of marijuana. The officers placed all three suspects under arrest and performed a search incident thereto. In the Cadillac, Officer Whitesel found a receipt from a Cadillac dealership which listed Defendant's address in Charlotte. The officers seized $225.00 from Defendant's left front pants' pocket. Based on information provided by one of Defendant's associates, the officers obtained a warrant to search Defendant's apartment, where they found an additional 1,864.5 grams of marijuana, plus 116 tablets of MDMA, scales, and packaging materials.
Upon conclusion of the evidence, the jury found Defendant guilty of two counts of possession of marijuana with intent to sell and deliver and single counts of delivery of marijuana and trafficking in MDMA. The trial court sentenced Defendant to an active term of thirty-five to forty-two months' imprisonment forthe trafficking offense. The trial court consolidated Defendant's marijuana offenses, imposed a suspended, consecutive sentence of six to eight months' imprisonment, and placed Defendant on eighteen months of supervised probation. Defendant appealed.
Defendant presents two assignments of error on appeal, contending the trial court erred in (I) denying a pre-trial motion to suppress the evidence seized by law enforcement officers during the stop, detention, and search of the Cadillac, the Mazda, and Defendant's residence; and (II) overruling his objections to the admission of State's Exhibits 1 and 2, the blue jacket and marijuana seized on 13 February 2002 from the trunk of the Mazda.
I. Motion to Suppress
In his first argument on appeal, Defendant argues the trial court erred by denying his motion to exclude evidence seized subsequent to an illegal stop, warrantless search of Defendant, and a warranted search of Defendant's residence. On 27 November 2002, Defendant made a pre-trial motion to suppress "the evidence seized." Defendant argues that Officer Whitesel's observations from the police department window on 13 February 2002 did not give rise to a reasonable suspicion of criminal activity justifying the investigative stop and detention which led to the discovery of the marijuana in McCory's Mazda. Defendant further contends he had standing to challenge the seizure of the marijuana from the Mazda, inasmuch as Officer Whitesel observed Defendant in possession of the package of marijuana just before Martin placed it in theMazda's trunk.
Although a defendant may appeal from the denial of his pre-trial motion to suppress under section 15A-979(b) of the North Carolina General Statutes, Defendant has failed to submit a record on appeal allowing for a review of this ruling. See generally State v. Edwards, 85 N.C. App. 145, 149, 354 S.E.2d 344, 347 ("The preparation of the record on appeal is the responsibility of the appellant[.]"), cert. denied, 320 N.C. 172, 358 S.E.2d 58 (1987). At Defendant's trial on 6 October 2003, the trial court noted that another judge had heard and denied the motion to suppress on 17 March 2003. Defendant has not provided this Court with a transcript of the 17 March 2003 motion hearing, thereby precluding any review of the evidence adduced by the parties. See generally State v. Sanders, 95 N.C. App. 494, 499, 383 S.E.2d 409, 412, disc. review denied, 325 N.C. 712, 388 S.E.2d 470 (1989). Moreover, because no written order was entered by the hearing judge, this Court has no means to evaluate the findings and conclusions upon which the motion was denied. We note that the failure to enter written findings and conclusions in denying a motion to suppress does not constitute error unless there is a "material conflict in the evidence[.]" Edwards, 85 N.C. App. at 148, 354 S.E.2d at 347. As noted above, Defendant has not provided a narrative or transcript of the evidence at the suppression hearing. See N.C. R. App. P. 9(a)(3)(c), (e). Because "[a]n appellate court cannot assume or speculate that there was prejudicial error when none appears on the record before it[,]" State v. Moore, 75 N.C. App.543, 548, 331 S.E.2d 251, 254 (1985), this assignment of error is overruled.
II. Overruled Objections
Defendant next asserts the trial court erred in overruling his objections to State's Exhibits 1 and 2, the blue jacket and marijuana seized from the trunk of McCory's Mazda on 13 February 2002. In allowing State's Exhibits 1 and 2 into evidence at trial, the trial court concluded as follows: (1) Officer Whitesel's observation of the suspicious transaction between defendant and Martin justified an investigatory stop and detention under Terry v. Ohio, 392 U.S. 1, 20 L. Ed. 2d 889 (1968); (2) the seizure of the "brick-like package" from the Mazda did not violate Defendant's constitutional rights; and (3) Defendant lacked standing to challenge the seizure of the package from the Mazda, absent any evidence of his ownership or possessory interest in the vehicle.
We conclude the trial court properly overruled Defendant's objections to the evidence seized from the Mazda. "`[T]o claim Fourth Amendment protection, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable.'" State v. Barnes, 158 N.C. App. 606, 613, 582 S.E.2d 313, 318 (2003) (citation omitted). "It is a general rule of law in this jurisdiction that one may not object to a search or seizure of the premises or property of another." State v. Greenwood, 301 N.C. 705, 707, 273 S.E.2d 438, 440 (1981). More specifically, this Court has held that "a defendant who has no ownership or possessory interest in thevehicle searched has no `legitimate expectation of privacy' in that vehicle, and, accordingly, no standing to object to the search." State v. Mandina, 91 N.C. App. 686, 695, 373 S.E.2d 155, 161 (1988). Here, Defendant did not own the Mazda and was neither the driver nor a passenger thereof. Moreover, he did not assert an interest in any of the property located inside the vehicle. Defendant thus had no reasonable expectation of privacy as to the Mazda or its contents and, therefore, lacked standing to object to the search and seizure.
Although not raised as a separate argument in his appellant's brief, Defendant also seeks review of the trial court's admission of additional evidence addressed by his motion to suppress, including the receipt found in his Cadillac and the marijuana and MDMA taken from his apartment. While conceding he did not object to this evidence at trial, Defendant invites this Court to suspend the Rules of Appellate Procedure pursuant to our discretionary authority under Rule 2 of the North Carolina Rules of Appellate Procedure.
Defendant not only failed to object to this evidence at trial; he has not assigned error to its admission in the record on appeal. See N.C. R. App. P. 10(a) (limiting scope of appellate review to "those assignments of error set out in the record on appeal"). Under Rule 10(c)(4) of the North Carolina Rules of Appellate Procedure, Defendant had the opportunity to assign plain error to the trial court's evidentiary rulings, notwithstanding his failure to object at trial. See State v. Cummings, 346 N.C. 291, 314, 488 S.E.2d 550, 563 (1997), cert. denied, 522 U.S. 1092, 139 L. Ed. 2d 873 (1998). He has neither assigned nor argued plain error. Accordingly, we decline to address his arguments under Rule 2. The record on appeal contains additional assignments of error not addressed by Defendant in his brief to this Court. Pursuant to Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure, we deem them abandoned.
No error.
Judges TYSON and GEER concur.
Report per Rule 30(e).