STATE OF NORTH CAROLINA v. HENRY DOWD EDWARDS, JR.

No. COA06-1415

(Filed 4 September 2007)

## 1. Search and Seizure— probable cause for warrant—evidence erroneously suppressed

A trial court order suppressing the evidence recovered during a search was reversed where the court erred by deciding that a magistrate lacked a substantial basis for concluding that probable cause for a warrant did not exist. Under the totality of the circumstances, the affidavit provided the magistrate with probable cause through a common sense determination based on the officer's extensive experience, his long established relationship with the informant, the information provided, and the specificity of the type of drugs observed.

## 2. Drugs— ex mero motu dismissal of charges—evidence erroneously suppressed

The trial court erred by dismissing ex mero motu narcotics charges which arose from the search of defendant's home where the court had erroneously suppressed the evidence seized from the home. Even if the evidence had been properly suppressed, it is possible for the State to present other evidence; the granting of a motion to suppress does not mandate the pretrial dismissal of the underlying indictments.

Appeal by the State from order entered 11 April 2006 by Judge Linwood O. Foust in Mecklenburg County Superior Court. Heard in the Court of Appeals 20 August 2007.

*Attorney General Roy Cooper, by Assistant Attorney General William B. Crumpler, for the State.*

*Rudolf Widenhouse & Fialko, by M. Gordon Widenhouse, Jr., for defendant-appellee.*

TYSON, Judge.

The State of North Carolina appeals from order entered granting Henry Dowd Edwards, Jr.'s, ("defendant") motion to suppress evidence seized and dismissing the charges against defendant. We reverse and remand.

STATE v. EDWARDS

[185 N.C. App. 701 (2007)]

## I. Background

On 14 July 2005, Charlotte-Mecklenburg Police Officer M.F. Warren ("Officer Warren") signed an affidavit, applied for, and was issued a search warrant to search defendant's home. Officer Warren executed the warrant later that day. During the search of defendant's home, Officer Warren found and seized cocaine, oxycodone, and drug paraphernalia.

Defendant was charged with: (1) trafficking in cocaine by possessing more than twenty-eight grams, but less than 200 grams of cocaine; (2) felony possession of oxycodone; (3) possession of drug paraphernalia; and (4) intentionally maintaining a dwelling for the purpose of keeping or selling cocaine.

On 14 March 2006, defendant filed a motion to suppress the evidence seized from his residence. This motion was calendered before the Mecklenburg County Superior Court on 10 April 2006. Defendant asserted the affidavit failed to establish probable cause for the magistrate to issue the search warrant. On 11 April 2006, the trial court granted defendant's motion to suppress the evidence seized and dismissed the indictments *ex mero motu*. The State appeals.

## II. Issues

The State argues the trial court erred by: (1) granting his motion to suppress evidence seized pursuant to the search of his home with a search warrant and (2) dismissing the indictments pretrial.

## III. Standard of Review

The trial court's findings of fact regarding a motion to suppress are conclusive and binding on appeal if supported by competent evidence. This Court determines if the trial court's findings of fact support its conclusions of law. *State v. McHone*, 158 N.C. App. 117, 120, 580 S.E.2d 80, 83 (2003), *disc. rev. denied*, 362 N.C. 368, 628 S.E.2d 9 (2006); *State v. Buchanan*, 353 N.C. 332, 336, 543 S.E.2d 823, 826 (2001); *State v. Brooks*, 337 N.C. 132, 140-41, 446 S.E.2d 579, 585 (1994). "Our review of a trial court's conclusions of law on a motion to suppress is *de novo*." *State v. Chadwick*, 149 N.C. App. 200, 202, 560 S.E.2d 207, 209 (citing *Brooks*, 337 N.C. at 140-41, 446 S.E.2d at 585), *disc. rev. denied*, 355 N.C. 752, 565 S.E.2d 672 (2002).

Specifically, "the standard for a court reviewing the issuance of a search warrant is 'whether there is substantial evidence in the record

supporting the magistrate's decision to issue the warrant.' " *State v. Ledbetter*, 120 N.C. App. 117, 121, 461 S.E.2d 341, 343 (1995) (quoting *Massachusetts v. Upton*, 466 U.S. 727, 728, 80 L. Ed. 2d 721, 724 (1984)). After reviewing the purposes and goals of the Fourth Amendment, the United States Supreme Court adopted a flexible standard in which "the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 238-39, 76 L. Ed. 2d 527, 548 (1983) (quoting *Jones v. United States*, 362 U.S. 257, 271, 4 L. Ed. 2d 697 (1960), *overruled on other grounds by United States v. Salvucci*, 448 U.S. 83, 65 L. Ed. 2d 619 (1980)). When reviewing the magistrate's decision to issue a search warrant, the "magistrate's determination of probable cause should be paid great deference[.]" *Id.* at 236, 76 L. Ed. 2d at 547 (citation omitted).

## IV. Probable Cause

[1] Section 20 of Article I of the North Carolina Constitution is similar to the Fourth Amendment to the United States Constitution and states that "probable cause [must] exist[] for issuance of a search warrant." *State v. Arrington*, 311 N.C. 633, 643, 319 S.E.2d 254, 260 (1984). N.C. Gen Stat. § 15A-244 (2005) governs the contents of the application for a search warrant:

Each application for a search warrant must be made in writing upon oath or affirmation. All applications must contain:

(1) The name and title of the applicant; and

(2) A statement that there is probable cause to believe that items subject to seizure under G.S. 15A-242 may be found in or upon a designated or described place, vehicle, or person; and

(3) Allegations of fact supporting the statement. The statements must be supported by one or more affidavits particularly setting forth the facts and circumstances establishing probable cause to believe that the items are in the places or in the possession of the individuals to be searched; and

(4) A request that the court issue a search warrant directing a search for and the seizure of the items in question.

Defendant asserted before the trial court that Officer Warren's affidavit did not "particularly" allege "facts and circumstances establishing probable cause" for the issuance of the search warrant. *Id.*

The United States Supreme Court has adopted a "totality of the circumstances" approach in determining whether probable cause exists in support of the issuance of a search warrant. *Gates*, 462 U.S. at 230, 76 L. Ed. 2d at 543. "To establish probable cause, an affidavit for a search warrant must set forth such facts that a 'reasonably discreet and prudent person would rely upon[.]' " *State v. King*, 92 N.C. App. 75, 77, 373 S.E.2d. 566, 568 (1988) (quoting *Arrington*, 311 N.C. at 636, 319 S.E.2d at 256).

The issuing magistrate must determine whether probable cause exists in order to support issuance of the search warrant. *State v. McKinnon*, 306 N.C. 288, 293, 293 S.E.2d 118, 122 (1982). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a *fair probability* that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238, 76 L. Ed. 2d at 548 (quotations omitted) (emphasis supplied). Probable cause need not be shown by proof beyond a reasonable doubt, but rather whether it is more probable than not that drugs or other contraband will be found at a specifically described location.

Here, the magistrate determined sufficient and reliable information was shown in Officer Warren's affidavit to establish probable cause and that a search warrant should be issued. Reviewing courts should give "great deference" to the issuing "magistrate's determination." *Id.* at 236, 76 L. Ed. 2d at 547.

Officer Warren's affidavit states that he "received information from a *confidential* and *reliable* informant" who had seen hydrocodone inside defendant's home, without a prescription, within the past forty-eight hours. (Emphasis supplied). The trial court concluded Officer Warren's affidavit showed no basis for believing the information was reliable. We disagree.

Officer Warren asserted in his affidavit he had known the informant for nine years, during which time the informant had provided "confidential and reliable" information in the past that had proven to be true through independent investigations. The fact that the word "investigations" was plural implies Officer Warren had used this particular informant on more than one occasion throughout the past nine years. Officer Warren's ongoing relationship with the informant supports the magistrate's determination that the information provided was reliable.

The affidavit also states that the informant was familiar with this drug and its uses, further supporting the inference that the information was reliable. "An officer may rely upon information received through an informant, rather than upon his direct observations, so long as the informant's statement is reasonably corroborated by other *matters within the officer's knowledge.*" *Id.* at 242, 76 L. Ed. 2d at 550 (citations omitted) (emphasis supplied).

Officer Warren's twenty-four years of prior experience with the police department, including seven years of street level drug interdiction, shows he has attained extensive knowledge regarding drug investigations and the issuance of search warrants. Even though Officer Warren did not spell out in exact detail the connection between the informant and the previous drug investigations, the magistrate could properly infer the confidential informant had provided reliable information to Officer Warren in previous situations. Following *Gates*, Officer Warren supplied sufficiently reliable information in his affidavit through his own extensive experience and his previous knowledge of the informant's reliability throughout their nine year relationship. *Id.*

Defendant's arguments would require the officer's application and affidavit to technically spell out every detail to specifically show probable cause exists. "[A]ffidavits 'are normally drafted by non-lawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity . . . have no proper place in this area.' " *Id.* at 235, 76 L. Ed. 2d at 546 (quoting *United States v. Ventresca*, 380 U.S. 102, 108, 13 L. Ed. 2d 684, 689 (1965)). Officer Warren's affidavit was drafted by an experienced police officer during an investigation of a potential drug offender and was sufficient to establish probable cause for the magistrate.

We find under the "totality of the circumstances," the affidavit provided the magistrate with probable cause through a common sense knowledge determination based on the following: (1) Officer Warren's extensive experience; (2) his long established relationship with the informant; (3) the information provided; and (4) the specificity of the type of drugs observed. *Id.* at 230, 76 L. Ed. 2d at 543. The trial court erred in concluding the magistrate did not have a substantial basis in fact for concluding that probable cause existed to issue the search warrant. The trial court's order suppressing the evidence recovered during the search is reversed.

## V. Case Dismissal

[2] The State also argues the trial court erred by dismissing the case when no motion to dismiss the indictments was pending or made before the trial court and the case was still in its pretrial stage. We agree.

Defendant asserts the issuance of a search warrant without probable cause so fragrantly violated his constitutional rights that the trial court's dismissal of the case was required to comply with N.C. Gen. Stat. § 15A-954(a). The State argues the trial court *ex mero motu* dismissed the charges because it determined that without the suppressed evidence, the State did not have sufficient evidence to submit this case to a jury.

The standard of review for deciding whether to dismiss "is whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." *State v. Wood*, 174 N.C. App. 790, 795, 622 S.E.2d 120, 123 (2005) (quoting *State v. Lynch*, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990)). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Vick*, 341 N.C. 569, 583-84, 461 S.E.2d 655, 663 (1995) (quoting *State v. Vause*, 328 N.C. 231, 236, 400 S.E.2d 57, 61 (1991)). The evidence is to be viewed in the light most favorable to the State and "the State is entitled to every reasonable inference to be drawn therefrom." *State v. Gibson*, 342 N.C. 142, 150, 463 S.E.2d 193, 199 (1995) (citing *State v. Powell*, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980)). "Ultimately, the court must decide whether a reasonable inference of defendant's guilt may be drawn from the circumstances." *State v. Ellis*, 168 N.C. App. 651, 657, 608 S.E.2d 803, 807 (2005) (citing *Powell*, 299 N.C. at 99, 261 S.E.2d at 117).

The granting of a motion to suppress does not mandate a pretrial dismissal of the underlying indictments. The district attorney may elect to dismiss or proceed to trial without the suppressed evidence and attempt to establish a *prima facie* case. If so, a defendant may move to dismiss at the close of the State's evidence and renew his motion at the close of all evidence. N.C. Gen. Stat. § 15-173 (2005). We have held the trial court erred by granting defendant's motion to suppress. The issuance of the search warrant did not violate defendant's Fourth Amendment constitutional rights. The trial court's pretrial order to dismiss defendant's charges is reversed.

## VI.  Conclusion

Probable cause existed to support the issuance of the search warrant. Defendant's constitutional rights were not violated when the police legally and reasonably searched his home pursuant to a valid search warrant and seized illegal drugs and paraphernalia. The search warrant was properly issued and the evidence seized from the execution of the search should not have been suppressed.

Even if this evidence had been properly suppressed, it is possible for the State to present evidence, apart from the poisonous fruits of an illegal search, to survive defendant's motion to dismiss and allow the jury to find the facts. The trial court erred by granting defendant's motion to suppress evidence seized and in dismissing the charges *ex mero motu*. We reverse the trial court's order and remand for further proceedings.

Reversed and Remanded.

Chief Judge MARTIN and Judge McCULLOUGH concur.